**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| NEWSMAX BROADCASTING, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>FOX CORPORATION and<br>FOX NEWS NETWORK, LLC,<br><br>*Defendants.* | Case No. 3:25-cv-770-WMC<br><br>Hon. William M. Conley |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF**
**CARRIAGE AGREEMENTS AND ASSOCIATED COMMUNICATIONS**

Fox has not produced a single carriage agreement or associated communication in response to Newsmax's requests for production served more than two months ago. Those materials go to the core of this dispute, and Newsmax has produced its own agreements. Fox first refused to make a production of these discrete materials pending entry of a protective order. Now, with that protective order in place for weeks, Fox offers a new excuse: it will not produce even the top 10 carriage agreements it has agreed to produce unless Newsmax supplements separate interrogatory responses Fox argues are deficient.

That is improper self-help. Fox has identified no meaningful burden to producing all of its carriage agreements and associated communications with the distributor counterparties. All confidentiality concerns are addressed by the existing protective order, in which Newsmax compromised and agreed that these materials could be presumptively designated for review by outside counsel only. We ask the Court to order Fox to comply immediately with Requests for

Production Nos. 1 and 2 by producing all responsive carriage agreements and associated communications from January 1, 2013 to the present.

## BACKGROUND

Fox's delay tactics began long before the current impasse over carriage-agreement production. After the Rule 26(f) conference, Fox sought to postpone discovery pending its motions to dismiss and transfer. The Court denied that request. Dkt. 43 at 23:6-7 (Tr. of Telephonic Pretrial Conference (Jan. 13, 2026)) ("Pretrial Conf. Tr.").

Fox then dragged out protective-order negotiations for months. Newsmax circulated a proposed protective order in December 2025 and repeatedly followed up, but Fox delayed providing complete redlines and repeatedly asked for more time. During that period, Fox also refused to produce any carriage agreements absent entry of a protective order, even though Newsmax offered to treat any interim production as outside-counsel-only pending its entry. *See* Guzman Decl. Ex. A[1] (Email from S. Wang to R. Anguas et al. (Mar. 13, 2026)) ("Newsmax Mar. 13 Email"). Fox only agreed to a protective order after Newsmax threatened to move to compel one. *See id.*

Meanwhile, on February 11, 2026, Newsmax served its First Set of Requests for Production, seeking Fox's carriage agreements and related documents. *See* Guzman Decl. Ex. B (Plaintiff's First Set of Requests for Production of Documents to Defendants at 11 (Feb. 11, 2026)) ("Newsmax RFPs"). On March 23, 2026, Fox responded that it would "produce executed carriage agreements with their top 10 distributors by subscriber counts for the period of September 1, 2021 to September 3, 2025." Guzman Decl. Ex. C (Fox's Responses and

[1] Citations marked as "Ex." are Exhibits attached to the Declaration of Michael J. Guzman in Support of Plaintiff's Motion to Compel Production of Carriage Agreements and Associated Communications.

Objections to Plaintiff's First Set of Requests for Production at 9-10 (Mar. 23, 2026)). Two months have passed since Newsmax served its discovery request. As of this writing, Fox has produced nothing – not a single document of any type to date.

When this Court entered the protective order almost a month ago on March 27, *see* Dkt. 47, it mooted Fox's first stated basis for withholding carriage agreements. But Fox did not produce at least the carriage agreements it agreed to produce. Rather, it slow-rolled discovery discussions with Newsmax. When Newsmax pressed Fox on March 30 regarding its failure to produce any carriage agreements, Fox delayed verbal discussions, responding late, proposing later dates, and sending correspondence only at the end of the day or late at night. *See* Guzman Decl. Ex. D (Letter from M. Guzman to R. Anguas at 1 (Mar. 30, 2026)) ("Newsmax Mar. 30 Letter").

Fox did not make itself available to meet and confer until April 9, a week after Newsmax's requested deadline of April 3. *See* Newsmax Mar. 30 Letter at 1. At that meet and confer, Newsmax made clear that Fox should at least promptly produce the top-10 agreements Fox had already agreed to produce. Fox responded that it would send a discovery letter "early next week" setting out a production timetable. It did not. Instead, on Thursday, April 16, Fox stated that it "will produce its top 10 carriage agreements by the end of this month if Newsmax timely amends its discovery responses" to Fox's interrogatories by April 27, shifting from one excuse for nonproduction to another. Guzman Decl. Ex. E (Letter from R. Anguas to M. Guzman et al. at 2 (Apr. 16, 2026)) ("Fox Apr. 16 Letter"). On April 20, Fox reiterated that it would produce "***if*** Newsmax will commit to supplement its interrogatory responses no later than April 30." Guzman Decl. Ex. F (Email from R. Anguas to S. Wang et al. (Apr. 20, 2026)) ("Fox Apr. 20 Email") (emphasis added).

Newsmax, by contrast, undertook and completed the same review Fox claims it needs weeks to perform. On Wednesday, April 15, 2026, Newsmax produced to Fox its own carriage agreements without a "top 10" limitation.

The parties have met and conferred extensively through letters, emails, and multiple live video calls on at least April 9, 2026, and April 13, 2026, but Fox continues to refuse to produce its agreements. Fox has thus achieved through delay and self-help what the Court already refused to grant directly: a de facto stay of discovery as to the core contractual documents in this case. This Court set this case on a prompt schedule towards a June 2027 trial, with the October 16 deadline for expert disclosures fast approaching. *See* Dkt. 42. Fox's continued nonproduction does exactly what the Court sought to avoid—run out the clock on central merits discovery. This Court should put a stop to Fox's delay and compel prompt production of the carriage agreements and associated communications.

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter if the discovery is relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Discovery is relevant when it helps "define and clarify the issues" in a case and because of this, "relevance is to be construed broadly." *Banks v. Baraboo Sch. Dist.*, 2020 WL 5751415, at *3 (W.D. Wis. Sep. 25, 2020). This Court determines the proportionality of discovery based on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## ARGUMENT

### I. DISCOVERY OF THE CARRIAGE AGREEMENTS AND ASSOCIATED COMMUNICATIONS IS HIGHLY RELEVANT AND PROPORTIONAL

This case challenges Fox's use of carriage terms and related leverage to foreclose distribution of Newsmax and other right-leaning news channels. Compl. ¶¶ 2-3, 46, 52, 85. The agreements governing Fox's carriage relationships with distributors are the most direct evidence of the terms Fox imposed in the marketplace. Newsmax requested those agreements and their associated communications in Requests for Production Nos. 1 and 2. *See* Newsmax RFPs at 11-12. Fox does not, and cannot, contend that those agreements are irrelevant. The same is true of associated communications concerning the negotiation, amendment, interpretation, implementation, and effect of Fox's carriage agreements. Those communications bear directly on how Fox used its carriage relationships in practice and on any impact on Newsmax and rival channels. Curiously, Fox suggested in its motion to dismiss that its agreements do not contain the restrictive provisions alleged in the Complaint. *See* Dkt. 31 at 20-22. If that is true, then Fox has nothing to hide or delay.

January 1, 2013 is an appropriate start date because Newsmax TV launched in 2014. Compl. ¶ 44. Agreements and related communications in effect immediately before and after Newsmax's launch are relevant to show whether Fox changed its carriage terms or negotiation practices once Newsmax entered the market as a right-leaning news competitor.

Fox also cannot seriously claim burden. Its counsel represented to the Court that the relevant universe consists of about 33 carriage agreements, a finite, known set of core contracts. *See* Pretrial Conf. Tr. at 8:24-9:15. Newsmax has already done what Fox claims is so difficult: it reviewed and produced its own carriage agreements without a "top 10" limitation. Fox offers no reason it cannot do the same.

Any confidentiality concerns are fully addressed by the protective order already entered in this case, which presumptively classifies carriage agreements as "Highly Confidential – Outside Counsel Only." *See* Dkts. 45, 47.

Fox may argue that a narrower production sufficed in the *Fubo* litigation. But that case proves little here. *Fubo* involved expedited preliminary-injunction discovery in a different factual setting, with Fox as only one of several defendants and with claims centered on a then-current sports-streaming joint venture. *See fuboTV Inc. v. Walt Disney Co.*, 745 F. Supp. 3d 109, 114-15 (S.D.N.Y. 2024). This case, by contrast, challenges a longer-running course of exclusionary conduct in Fox's carriage relationships and seeks to assess how those relationships and their terms changed over time, including before and after Newsmax TV entered the market in 2014. The scope of production in *Fubo* therefore does not control the scope of production here.

## II. FOX HAS NO VALID BASIS TO WITHHOLD ITS PRODUCTION OF CARRIAGE AGREEMENTS OR ASSOCIATED COMMUNICATIONS

Fox does not seriously dispute that its carriage agreements are discoverable. Fox's position is instead that it may withhold core contractual discovery until Newsmax satisfies Fox's demands on separate interrogatories. That is not a proper basis to refuse production.

### A. Fox Cannot Condition Its Document Production on Newsmax's Supplementation of Interrogatory Responses

Fox has made its position explicit. Fox "will produce its top 10 carriage agreements by Thursday, April 30, ***if*** Newsmax will commit to supplement its interrogatory responses no later than April 30." Fox Apr. 20 Email (emphasis added); *see also* Fox Apr. 16 Letter at 2. Precedent does not permit that sort of unilateral sequencing. A party cannot "disregard [its] own discovery obligations" by claiming the other side has "fail[ed] to meet its discovery obligations." *Driessen v. Vabalaitus*, 2024 WL 2831712, at *3 (W.D. Wis. June 4, 2024); *see also Mizyed v. Travelers*

*Home & Marine Ins. Co.*, 2013 WL 12242011, at *2 (C.D. Ill. Apr. 9, 2013) (rejecting argument that plaintiffs' "failure to respond was justified because Defendant had not responded properly to Plaintiffs' written discovery").

Courts within this Circuit repeatedly reject precisely this tactic. "[A] party cannot withhold its own discovery production merely because the other party has not produced its discovery." *Paris Presents Inc. v. Lifestyle Prods., LLC*, 2017 WL 11541168, at *8 (N.D. Ill. June 28, 2017); *Black v. Friedrichsen*, 2021 WL 164797, at *10 (N.D. Ind. Jan. 19, 2021) (a party "cannot delay responding to [opposing party's] discovery requests merely because [it] believes that [opposing party has] not been forthright in responding" to its discovery requests); *Broan-Nutone LLC v. Conglom H.K. Ltd.*, 2024 WL 4554024, at *2 (E.D. Wis. Oct. 23, 2024) ("[O]ne party's noncompliance with discovery requirements does not excuse the other's failure to comply."). In short, "no party can unilaterally suspend discovery." *Sokn v. Fieldcrest Cmty. Unit Sch. Dist. No. 6*, 2013 WL 7020422, at *7 (C.D. Ill. Oct. 18, 2013).

That principle disposes of Fox's position here. If Fox believes Newsmax's interrogatory responses are deficient, Fox may continue to pursue the ordinary meet-and-confer and motion-to-compel process, just as Newsmax has. It may not unilaterally suspend its own production in the meantime.

### B. Fox Has Shown No Concrete Burden or Other Legitimate Reason It Cannot Produce Carriage Agreements or Associated Communications Now

Fox has not identified any concrete obstacle to prompt production. Fox refers generally to "practical and commercial complexities," Fox Apr. 16 Letter at 1, but those generalized assertions do not explain why Fox cannot produce a limited set of 33 agreements, where it has already identified and agreed to produce 10 of those agreements. Fox also references the "highly sensitive and confidential commercial information" in the agreements and the sensitivity of its

distributor relationships. *Id.* at 1-2. But those are the very concerns the parties' protective order, negotiated over months, addresses. Confidentiality concerns thus cannot justify Fox's continued refusal to produce documents.

Fox's shifting explanations underscore its delay and gamesmanship. Before entry of the protective order, Fox resisted production on confidentiality grounds even though Newsmax offered to treat produced agreements as outside-counsel-only pending resolution of the protective order. *See* Newsmax Mar. 13 Email. Now, with the protective order in place for weeks, Fox has switched to a new theory: it will not produce even the top 10 agreements unless Newsmax supplements its interrogatory responses. Fox Apr. 16 Letter at 2. All the while, Fox has produced nothing.

**CONCLUSION**

For the foregoing reasons, this Court should grant Newsmax's motion to compel.

Dated: April 20, 2026

Respectfully submitted,

*s/ Jennifer L. Gregor*
Jennifer L. Gregor
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
jgregor@gklaw.com

Michael J. Guzman (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
mguzman@kellogghansen.com

*Attorneys for Plaintiff Newsmax Broadcasting, LLC*

## RULE 37(A)(1) CERTIFICATION

Counsel for Newsmax certifies that they have conferred in good faith with counsel for Defendants to attempt to obtain the discovery requested without court action. *See* Fed. R. Civ. P. 37(a)(1). As detailed above, the parties have met and conferred about the issues in this motion across multiple letters, emails, and live video calls. They have been unable to reach an agreement.