IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEWSMAX BROADCASTING, LLC,

                        Plaintiff,

      v.                                            OPINION and ORDER

FOX CORPORATION and                           25-cv-770-wmc
FOX NEWS NETWORK, LLC,

                        Defendants.

---

In this antitrust suite, plaintiff Newsmax Broadcasting, LLC, claims defendants Fox Corporation and Fox News Network, LLC of sustaining an illegal monopoly over the pay-TV "market" for right-leaning news programming by including restrictive terms in its contracts with distributors, effectively blocking, or at least delaying, plaintiff's entry into that market and stunting its success.  Two motions are pending before the court. First, defendants move under 28 U.S.C. § 1404 to transfer the case to the Southern District of Florida, primarily because plaintiff engaged in forum shopping by filing suit here after its original complaint was dismissed by the Southern District of Florida for pleading defects.  Second, defendants move to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Because the court agrees this lawsuit should be transferred to the Southern District of Florida under the recognized § 1404 factors, defendants' motion to transfer will be granted, while their motion to dismiss will be left for the transferee court.

## OPINION

"For the convenience of parties and witnesses, in the interest of justice," a district court may transfer a case to any other district where it could have been filed.  28 U.S.C. § 1404(a).

In other words, a transfer is appropriate under § 1404 if: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).    Ultimately, whether to transfer a case lies within the sound discretion of the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

Because antitrust claims under the Clayton Act may be filed in any district in the United States where a defendant does business, 15 U.S.C. § 22, venue is proper in both this court and the Southern District of Florida.  Therefore, the court proceeds to the second factor.   In assessing the convenience of the parties and witnesses, the court considers plaintiff's chosen forum, the situs of material events, and ease of access to sources of proof.  *Coffey,* 796 F.2d at 219 n. 3, 221.

Although a plaintiff's choice of forum is generally given deference, *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), "any deference due plaintiff's choice of forum is greatly diminished by the fact that the Western District of Wisconsin is neither plaintiffs' home forum, nor the situs of the key events at issue." *Mun. Credit Union v. CUMIS Ins. So'y, Inc.*, No. 20-CV-438-WMC, 2021 WL 1040513, at *4 (W.D. Wis. Mar. 18, 2021); *see also Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007) ("A plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no connection to the material events.").

Here, not only does Wisconsin lack any particular connection to plaintiff's antitrust claims, Newsmax is a Florida company, with its principal place of business in Boca Raton,

Florida; and Fox News is a New York based company, where most of its alleged conduct presumably took place.  Further, while plaintiff alleges in its complaint that it and defendant broadcast content in Wisconsin pursuant to national and local carriage agreements, the same is true in Florida and every other state.  (Dkt. #1, ¶¶ 6, 14–17.)  Finally, although plaintiff's complaint asserts antitrust claims under Wisconsin law, plaintiff merely recast its Florida state law claims under Wisconsin's analogous statutes.

This leaves the convenience of parties and witnesses, which is also of no help to plaintiff's choice of venue.  As already noted, plaintiff is a Florida company, meaning its material witnesses are more likely to be based in Florida than anywhere else in the nation.  Similarly, though the complaint suggests material witnesses from various broadcasters will be located throughout the United States, defendants' witnesses are located in New York and this case could likely be litigated without significant burden in either Florida or Wisconsin given the ease of air travel and major airports in Chicago and Miami.  *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.").  That being said, unlike Miami being the center of the Southern District of Florida, Chicago is not in this district, and there are *no* allegations in the complaint suggesting that any material witness, evidence *or* event is located in or near Wisconsin.  Thus, the court finds that the convenience of parties and witnesses favors transfer to the Southern District of Florida.

This leaves the third factor under § 1404, the "interest of justice," which considers whether a transfer promotes "systemic integrity and fairness," *Stewart Organization, Inc. v. Ricoh*

3

*Corp.,* 487 U.S. 22, 30 (1988), and the "efficient administration of the court system." *Coffey,* 796 F.2d at 221. Defendants' motion relies primarily on this factor in arguing that a transfer would remedy plaintiff's blatant judge and forum shopping. Specifically, defendants point out that on September 3, 2025, plaintiff initiated this same antitrust action in the Southern District of Florida. The next day, the district judge assigned to the case *sua sponte* dismissed plaintiff's complaint as an impermissible "shotgun pleading" under Eleventh Circuit precedent, having purported to incorporate all preceding allegations in several of plaintiff's counts. *Newsmax Broad., LLC v. Fox Corp.*, No. 25- cv-81091, 2025 WL 2553698, at *1 (S.D. Fla. Sep. 5, 2025) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Further, under Eleventh Circuit law, "a district court is required to give a counseled plaintiff only one chance to replead before dismissing a complaint with prejudice on shotgun-pleading grounds." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020). Thus, the Southern District of Florida court gave plaintiff one week to amend its pleading, stating that failure to comply with the order "may result in dismissal of the case without further notice." *Newsmax,* 2025 WL 2553698, at 2.

On September 11, the day of the deadline, plaintiff voluntarily dismissed its Florida suit under Rule 41(a)(1) and refiled a nearly identical complaint in this district. Indeed, the new complaint differs in three primary ways: plaintiff amended the incorporation language identified in the Florida court's order; substituted Wisconsin state law antitrust claims for the

Florida state law antitrust claims; and added allegations of unlawful block-booking in violation of § 1 of the Sherman Act and § 133.03(1) of the Wisconsin Antitrust Act. Although obvious, plaintiff offers no explanation why it dismissed the Florida case. Much less obvious is why it refiled here, arguing only that it has an "Absolute Right" to do so under Rule 41(a)(1) and the Clayton Act. Plaintiff further argues that its action should not be considered forum shopping because: the Florida case was pending for less than 48 hours; the court's dismissal was merely a technical, not a merits-based decision (and thus, not adverse); and since defendants had not yet made an appearance, they suffered no prejudice by plaintiff's dismissal and refiling in the Western District of Wisconsin.

The court agrees that defendants have not shown prejudice. However, plaintiff's other arguments are less persuasive. The length of time a case was pending is not dispositive of "forum shopping." To the contrary, that a case was only pending a short period of time before dismissal can be strong evidence of forum or "judge shopping," in which parties try to avoid an assigned judge by voluntarily dismissing one case and refiling in a different court. *See Boe v. Marshall*, 767 F. Supp. 3d 1226, 1232 (M.D. Ala. 2025) (reprimanding attorneys for judge shopping after they voluntarily dismissed cases less than two hours after filing them and then refiled in a neighboring district court); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69 (D.P.R. 2004) (finding that plaintiffs had engaged in judge shopping by voluntarily dismissing a case under Rule 41(a)(1) that had been pending for less than three weeks after their request for preliminary injunction was denied and refiled a materially identical suit the same day).

Here, the Florida court dismissed plaintiff's complaint, which *is* an adverse ruling. Then, instead of correcting the defect, plaintiff dismissed its case and refiled with no

explanation for choosing this venue.  Thus, without casting any great aspersions, this *is* forum shopping.  *See Alvarado v. Bank of Am., N.A.,* No. CIV S-08-2862 LKK/DA, 2009 WL 720875, at *3 (E.D. Cal. Mar. 17, 2009) (finding that plaintiffs likely engaged in forum shopping by dismissing case two days after it was assigned, then refiling a similar case in neighboring district with no indication why venue was more proper in the new district).  Plaintiff is correct that it has an "absolute" right under Rule 41(a) to voluntarily dismiss a case for any reason.  *Marques v. Fed. Rsrv. Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002).  However, that right is the procedural right to dismiss one's case before the filing of an answer or summary-judgment motion, without conditions, without the court's approval, and without the consent of any other party.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990) ("Rule 41(a)(1) was not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice[,]" and thus, did not prevent a district court from imposing sanctions for a frivolous lawsuit that was voluntarily dismissed).  Rule 41 "does not in the least permit attorneys to abuse the judicial process." *Boe*, 767 F. Supp. 3d at 1312; *see also Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 716 (5th Cir. 2006) ("Although Rule 41(a)(1) guarantees [plaintiffs] an unconditional dismissal, it does not confer on [them] the right to manipulate the designation of a judge."); *Vaqueria Tres Monjitas*, 341 F. Supp. 2d at 71 (explaining that parties may not "abuse the Court's processes by using Rule 41 as a loophole to circumvent an unfavorable ruling).  Nor does a Rule 41(a)(1) dismissal insulate plaintiffs from a § 1404 motion.

Because plaintiff has failed to provide any explanation why this case should be tried in Wisconsin or why it dismissed the Florida action to refile here after receiving an adverse order, the court is left with the conclusion that plaintiff engaged in forum (or at least judge) shopping.

6

When a "[c]ourt finds obvious forum-shopping, transfer is appropriate regardless of any other considerations." *Gabet v. Amazon.com, Inc.*, No. 22-cv-35, 2022 WL 4078442, at *6 (N.D. Ind. Sept. 6, 2022). That said, the court notes the remaining "interests of justice" factors are mostly neutral. For example, the parties have not argued whether this case could be resolved more quickly in one district or another; either district can handle an antitrust case; and the broad venue provision of the Clayton Act gives the parties' nationwide choice for filing. However, while both districts have an interest in the outcome of the suit, the Southern District of Florida has a higher interest given plaintiff's incorporation in Florida. In the end, with no good reason for filing suit in this district, plaintiff's connection to Florida and its apparent forum shopping tip the scales in favor of transfer.[1]

ORDER

IT IS ORDERED that:

1. Defendants Fox Corporation and Fox News Network, LLC's motion to transfer (dkt. #9) is GRANTED.

2. This case is TRANSFERRED to the Southern District of Florida.

Entered this 23rd day of April, 2026.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] To be clear, the dismissal of suit is *not* the problem. Had plaintiff chosen a district where obviously strong connections existed (say, New York) or even a distinguishing connection (say in a primary TV market), the result would be different.