IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-80467-EA

---

NEWSMAX BROADCASTING, LLC,

*Plaintiff*,

v.

FOX CORPORATION AND FOX NEWS
NETWORK, LLC,

*Defendants*.

---

DECLARATION OF PATRICK F. PHILBIN
IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

I, Patrick F. Philbin, submit this declaration pursuant to 28 U.S.C. § 1746, and declare as follows:

1.      I am an attorney admitted *pro hac vice* to appear and participate in this action on behalf of Defendants Fox Corporation and Fox News Network, LLC ("Fox").  I am a Partner at the law firm Torridon Law PLLC.  I submit this declaration in support of Fox's motion for a stay of discovery, and in compliance with S.D. Fla. L.R. 7.1(e).

2.      I have first-hand, personal knowledge of the facts set forth below and, if called as a witness, could competently testify thereto.

3.      On September 22, 2025, Fox filed a motion to transfer this case, then pending before the United States District Court for the Western District of Wisconsin, back to this Court— where Plaintiff Newsmax had originally filed its complaint—which Judge Aileen M. Cannon had dismissed as an impermissible shotgun pleading.  *See* Dkt. 9.

4.　　　On November 25, 2025, Fox filed a motion to dismiss the complaint in the Western District of Wisconsin.  *See* Dkt. 30.

5.　　　On January 6, 2026, Fox filed a motion to stay discovery pending disposition of its motion to dismiss—again, in the Western District of Wisconsin.  *See* Dkt. 35.

6.　　　On January 12, 2026, Magistrate Judge Anita Marie Boor notified counsel that "[t]he court intends to rule on the motion to stay discovery at the January 13 preliminary pretrial conference."  Dkt. 38.

7.　　　A true and correct copy of the Transcript of Telephonic Preliminary Pretrial Conference, held before Magistrate Judge Anita Marie Boor (W.D. Wis.) on January 13, 2026, is available on the Court's docket for this case at Dkt. 43.

8.　　　At that conference, the magistrate judge denied Fox's motion to stay discovery from the bench.  Dkt. 43 at 23.  The magistrate judge has a standing order that states: "The court does not stay discovery when a defendant files a motion to dismiss before the preliminary pretrial conference."  Magistrate Judge Anita Boor, Standing Order for Preliminary Pretrial Conferences, at 2, (W.D. Wis. May 7, 2024), tinyurl.com/Boor-SO ("Wis. M.J. Standing Order").  At the pretrial conference, the magistrate judge explained that discovery stay motions face "strong headwinds *in this district*" because staying discovery "really does go against the grain" in the Western District of Wisconsin.  Dkt. 43 at 23 (emphasis added).  She noted that she "[had not] made *any* predictions as to whether [Fox's] motion [to dismiss] is ultimately going to be successful," but acknowledged "that the motion could be dispositive, and [that Fox] could very well win the day on the motion to dismiss."  *Id.* at 24 (emphasis added).  She also acknowledged "that the motion to dismiss has arguably already been partially successful because some claims have been dropped."  *Id.*  And she

recognized that "discovery could be somewhat voluminous in this case" because it "is an antitrust case." *Id.* at 25.  Nonetheless, she denied Fox's motion to stay discovery.  *Id.* at 23.

9.      On April 23, 2026, Judge William M. Conley transferred this case to this Court pursuant to 28 U.S.C. § 1404.  Dkt. 56.

10.     On May 8, 2026, pursuant to the Court's Order, Dkt. 79, Fox refiled its motion to dismiss.  Dkt. 101.

11.     Fox's current motion to stay discovery presents different circumstances from the motion decided three months ago by the magistrate judge in Wisconsin in at least two respects.

12.     First, as explained further in Fox's motion to stay discovery, a different legal standard governs stays of discovery in this district.  *See* Motion to Stay at 19–20; *Andersen Mfg. Inc. v. Wyers Prods. Grp., Inc.*, No. 18-CV-00235-WJM-STV, Dkt. 90 (D. Colo. Feb. 5, 2018) (noting that "transfer of the case" from an out-of-circuit district court is a "significant development[]," and instructing that "[a] renewed motion to stay should cite to relevant case law from this district").  As noted, the magistrate judge in Wisconsin has a standing order stating that "[t]he court does not stay discovery when a defendant files a motion to dismiss before the preliminary pretrial conference."  Wis. M.J. Standing Order, at 2.  The magistrate judge made clear in ruling on Fox's discovery stay motion that such motions face "strong headwinds *in this district*."  Dkt. 43 at 23 (emphasis added).  She also indicated that she had not "made *any* predictions" about the likelihood of Fox's success on its motion to dismiss.  *Id.* at 24 (emphasis added).  Indeed, she noted that Fox may "very well win the day on the motion to dismiss," *id.*, but denied the motion to stay discovery anyway, *id.* at 23.

13.     In this Court, by contrast, Eleventh Circuit precedent "dictates" that district courts "should rule" on motions to dismiss "before discovery."  *Olufemi v. Exclusive Ass'n Mgmt.*, 2024

WL 710547, at *1 (11th Cir. Feb. 21, 2024); *see also Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) ("[W]e have instructed that: 'Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins.'" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997))). And in implementing that precedent, courts in this district have explained that a court should take a "preliminary peek" at the merits of a motion to dismiss to judge whether it presents "legitimate challenges to the [plaintiff's] legal theory." *Goldstein v. Costco Wholesale Corp.*, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021). That is precisely the analysis that the magistrate judge in Wisconsin declined to conduct under Wisconsin rules.

14.   Second, there are additional facts available now that were not available when the magistrate judge in Wisconsin ruled. After the magistrate judge denied the motion to stay discovery, Fox served interrogatories on Newsmax seeking the factual bases for certain allegations in Newsmax's complaint. Dkt. 54 at 1.[1]  Newsmax's responses to the interrogatories have conspicuously failed to provide any factual basis behind those allegations. *Id.* For instance, Fox's Interrogatory 5 asked Newsmax to identify "each individual" who has communicated to Newsmax that its carriage agreement was "denied, delayed, or adversely tiered because of Fox." Dkt. 55-2 at 9. Newsmax's response did not identify any actual communication with any person, but instead vaguely asserted that "Newsmax is aware that Fox uses carriage agreements and 'gentlemen's agreements' that restrict or prevent Distributors from contracting with Newsmax *based on general discussions with industry participants*." *Id.* at 9–10 (emphasis added). Similarly, Fox's Interrogatories 3 and 4 asked Newsmax to identify distributors with which it has been unable to contract because of Fox's alleged agreements and to describe in detail the basis for that contention.

---

[1] Consistent with this Court's Order, Dkt. 79, Fox will refile its motion to compel.

*Id.* at 7–8.  In response, Newsmax simply pointed back to allegations in the complaint (and promised to produce relevant documents "to the extent they exist").  *Id.* at 7–9.

15.     As explained in the accompanying motion to stay discovery, Newsmax's inability to provide any factual basis for key allegations in its complaint suggests that Newsmax made conclusory allegations with no factual basis and is now hoping to use discovery to uncover something that will allow it to salvage its defective complaint through a motion for leave to amend. Motion to Stay at 12–14.  The magistrate judge in Wisconsin did not have these facts and circumstances before her.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  May 8, 2026                                  */s/ Patrick F. Philbin*
                                                            Patrick F. Philbin