# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

NEWSMAX BROADCASTING, LLC,

    *Plaintiff,*

      v.

FOX CORPORATION AND FOX NEWS NETWORK, LLC,

    *Defendants*.

No. 3:25-cv-770

Hon. William M. Conley

## FOX CORPORATION AND FOX NEWS NETWORK, LLC'S MOTION TO COMPEL NEWSMAX'S RESPONSES TO INTERROGATORIES

It is axiomatic that any plaintiff, before filing suit, must have a good-faith factual basis for allegations it includes in its complaint. So when Plaintiff Newsmax Broadcasting, LLC ("Newsmax") accused Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox") of maintaining secret "gentlemen's agreements" with distributors to block Newsmax's carriage (Compl. ¶ 60), using "its leverage" to exclude Newsmax from Fubo's Sports/News Package (Compl. ¶ 57), employing "smear intimidation tactics" against its competitors (Compl. ¶ 63), and loading up its carriage agreements with "unfair 'drag-down' provisions" (Compl. ¶ 101), Newsmax should have had some basis to maintain those allegations.

Fox's First Set of Interrogatories to Plaintiff ("Fox's Interrogatories"), served February 13, 2026, asked Newsmax to disclose the facts providing the basis for these allegations. Newsmax did not do so. Instead, Newsmax's responses amount to obfuscation. They improperly substitute cross-references to other allegations in the Complaint for the factual narrative Rule 33 requires. They vaguely invoke unspecified "conversations" with unnamed "industry participants" where Rule 33 demands dates, places and identities. And for the allegation about Fox's specific contract

terms, Newsmax invokes irrelevant, out-of-case testimony. Fox identified these deficiencies in an April 3, 2026 letter and offered Newsmax a choice—supplement the responses or withdraw its allegations—but Newsmax refused to commit to a timeframe for supplementation.

Newsmax's refusal to substantiate its allegations means one of two things: either Newsmax is forcing Fox to litigate in the dark by deliberately refusing to disclose the factual basis for its allegations—in order to prevent Fox from conducting further critical discovery to its defense—or Newsmax lacked a good faith basis for its Complaint and hopes to shore up gaps after a fishing expedition through Fox's most competitively sensitive documents. Either option flouts the Federal Rules and prejudices Fox.

For these reasons, Fox moves under Federal Rule of Civil Procedure 37 to compel Newsmax to provide full, narrative responses to Interrogatories 3 through 8 immediately.[1]

## BACKGROUND

On September 11, 2025, Newsmax filed a Complaint against Fox alleging that certain terms in Fox's written carriage agreements—and certain purported unwritten agreements—violate federal and state antitrust laws. Dkt. 1. On February 13, 2026, Fox served interrogatories on Newsmax seeking the factual bases for several of Newsmax's core allegations, including those in Paragraphs 57, 95, and 101 of the Complaint. *See* Ex. A (Fox's Interrogatories). On March 26, Newsmax served Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories ("Newsmax's Responses")—responses that, rather than disclose the facts underlying its claims, consist largely of cross-references to the very allegations Fox sought to test. *See* Ex. B, (Newsmax's Responses).

---

[1] Undersigned counsel certifies that Fox raised the deficiencies in these responses to Newsmax in writing on April 3, 2026. On April 10 and 13, 2026, the parties met and conferred regarding these deficiencies, and Fox followed up in writing regarding the same on April 16.

Fox's **Interrogatory No. 3** asked Newsmax to "[i]dentify each Distributor that Newsmax claims to have been unable to contract with" "as a result of any contract or purported 'gentlemen's agreement' between Fox" and the Distributor. Ex. A at 6. Newsmax objected that the phrases "unable to contract" and "as a result of" are "vague and undefined," that the interrogatory was burdensome and disproportionate, and that Fox could derive the answer from its own records. Ex. B at 7-8. Subject to those objections, Newsmax supplied no narrative response, instead directing Fox to paragraphs 57, 58, 61, 67, 70, 85, and 110 of the Complaint. *Id.* at 8.

Fox's **Interrogatory No. 4** asked Newsmax, for "every Distributor identified in [its] response to Interrogatory No. 3," to "describe in detail the basis" for its contention that it "has been unable to contract with that Distributor as a result of an existing agreement between that Distributor and Fox," including "(a) the specific requirement(s) of such agreement," "(b) the identities of any individual at such Distributor who gave Newsmax reason to believe that the inability to contract was due to Fox;" and "(c) the specific Communications related thereto." Ex. A at 6. Newsmax asserted substantially the same objections and again pointed Fox to the same paragraphs of the Complaint. Ex. B at 8-9. Newsmax also stated that it would produce "carriage agreements and communications that further answer this Interrogatory to the extent they exist"— that is, it promised to produce future documents, rather than provide the detailed narrative Fox requested. *Id.* at 9.

Fox's **Interrogatory No. 5** asked Newsmax to "[i]dentify (a) each individual, whether affiliated with a Distributor or not, who has communicated to Newsmax that Newsmax's carriage with a distributor was denied, delayed, or adversely tiered because of Fox; and (b) for each such individual, identify the specific Communication(s) related thereto." Ex. A at 6. Newsmax objected that the Interrogatory was vague, overly broad, unduly burdensome; claimed Fox's own business

3

records contain the information; and asserted that the request was premature because document discovery is ongoing. Ex. B at 9-10. Newsmax identified no individuals. Instead, it stated only that it "is aware that Fox uses carriage agreements and 'gentlemen's agreements' that restrict or prevent Distributors from contracting with Newsmax based on general discussions with industry participants"—effectively reiterating its allegations while still failing to identify a single source— and again promised to "produce communications that further answer" the request "to the extent they exist." *Id.*

Fox's **Interrogatory No. 6** asked Newsmax to "[d]escribe in detail the basis for [its] allegation in Paragraph 57 of the Complaint that 'Fox used its leverage to secure inclusion of Fox News in [Fubo's] Sports/News Package and exclude Newsmax.'" Ex. A at 6. Newsmax responded that its basis was "conversations with industry participants," and the observation that "no other non-sports news networks were included in that package." Ex. B at 10. Newsmax did not identify the industry participants, the substance of the conversations, or provide any facts connecting those conversations to Fox's alleged use of leverage. *Id.*

Fox's **Interrogatory No. 7** asked Newsmax to "[d]escribe in detail the basis for [its] allegation in Paragraph 95 of the Complaint that Fox has used 'smear intimidation tactics against its competitors.'" Ex. A at 6. Newsmax, again, provided no factual narrative of its own. Ex. B at 10. Instead, it referred Fox to Paragraphs 63 to 66 of the Complaint and to the Amended Complaint in *Tantaros v. Fox News Network, LLC*, No. 1:17-cv-02958 (S.D.N.Y. Jan. 29, 2018)—unproven allegations from an unrelated lawsuit brought by a different plaintiff. *Id.*

Fox's **Interrogatory No. 8** asked Newsmax to "[d]escribe in detail the basis for [its] allegation in Paragraph 101 of the Complaint that Fox has carriage agreements containing 'unfair "drag-down" provisions that require a distributor who places Newsmax in its basic tier to also

carry low-demand Fox channels in that same tier.'" Ex. A at 6. Newsmax objected, invoking Federal Rule of Civil Procedure 33(d) on the theory that Fox could garner this information through examining its own business records, and objecting to the extent the interrogatory sought documents outside of Newsmax's possession, custody or control. Ex. B at 11. Notwithstanding these objections, Newsmax responded that the packaging and drag-down agreements "have been described in publicly available testimony from an executive at DISH and an executive at Fubo," and added that third-party distributor Sling had informed Newsmax it could not move Newsmax from its "low-penetration News Extra tier" to either of its base packages, because doing so would require Sling to "move other networks in the News Extra package along with Newsmax." *Id.* Newsmax did not identify who at Sling made that statement, when, or in what form. *Id.*

On April 3, 2026, Fox sent Newsmax a letter detailing the deficiencies in its Responses. Ex. C, Letter from Fox to Newsmax, dated April 3, 2026. In the letter, Fox explained that Newsmax's responses consist principally of improper cross-references to, and paraphrases of, the Complaint—even though the interrogatories sought, and Federal Rule of Civil Procedure 33(b)(3) requires, full, sworn narrative answers disclosing the facts that support those allegations. *Id.* at 1–2. Fox requested that Newsmax cure these deficiencies and, if it could not, "Fox expect[ed] Newsmax to withdraw" the underlying allegations. *Id.*

The parties met and conferred, and Fox reiterated its request that Newsmax respond promptly fully to the Interrogatories asking for the factual bases for particular allegations in the Complaint. Ex. D, Letter from Fox to Newsmax, dated April 16, 2026. As of this filing, Newsmax has not supplemented or amended its responses, and while it professes that it will supplement its responses, it refuses to identify any timeframe.

5

## ARGUMENT

Rule 26(b)(1) entitles a party to discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Interrogatories are a principal vehicle for obtaining that information, and a party served with interrogatories must answer each one "separately and fully" in writing. Fed. R. Civ. P. 33(b)(3). That means the "responding party" must provide "full answers to interrogatories, which includes all information within that party's knowledge and control." *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D. Ill. 2007). And while "a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him." *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wis. 1980) (citations omitted).

A plaintiff's duty to answer interrogatories is at its apex when the defendant asks it to substantiate the allegations of its own complaint. That is for two, reinforcing reasons: *First*, "one of the purposes of discovery" is to require the plaintiff "to set forth, with particularity, what [the defendant] is accused of doing, not doing, or both." *Continental Ill. Nat. Bank & Trust Co. of Chi. v. Caton*, 136 F.R.D. 682, 688–89 (D. Kan. 1991); *see also Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 426 (N.D.W.Va. 2006) ("The defendant is entitled to know the factual basis of plaintiff's allegations and the documents which the plaintiff intends to use to support those allegations."). *Second*, a plaintiff is "obligated to 'conduct a reasonable investigation of the factual . . . basis for [her] claim before filing' that complaint." *Sommerville v. Union Carbide Corp.*, No. 2:19-CV-00878, 2021 WL 1341869, at *3 (S.D. W. Va. Apr. 9, 2021) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). Having conducted that pre-filing investigation, the plaintiff should encounter no difficulty supplying the factual basis underlying its allegations.

Consistent with these requirements, courts routinely compel plaintiffs to answer interrogatories seeking the factual basis for their allegations. *See, e.g., Sava v. 21st Century Spirits,*

*LLC*, No. 22 C 6083, 2024 WL 6935021, at *10 (N.D. Ill. Oct. 16, 2024) (granting motion to compel answers to interrogatories seeking basis for allegations in plaintiffs' complaint); *Mobimeds, Inc. v. E-MedRx Sols., Inc.*, No. 19-CV-3224, 2021 WL 5014788, at *7 (C.D. Ill. Oct. 28, 2021) (same); *Sauer v. Exelon Generation Co., LLC*, No. 10 C 3258, 2011 WL 3584780, at *8 (N.D. Ill. Aug. 15, 2011) (same); *In re H&R Block Mortg. Corp., Prescreening Litig.*, No. 2:06-MD-230 (MDL 1767), 2006 WL 3692431, at *5 (N.D. Ind. Dec. 13, 2006) (same); *In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2005 WL 8179862, at *2 (E.D. Pa. Mar. 28, 2005) (requiring plaintiffs to answer interrogatories seeking "the factual basis behind the particular allegations in the amended complaint"); *Perryman v. Litton Loan Servicing, LP*, No. 14CV02261JSTKAW, 2015 WL 5043119, at *2 (N.D. Cal. Aug. 26, 2015) (same); *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *5 (W.D. Tex. June 10, 2013) (same); *In re Textron, Inc.*, No. 09-383ML, 2012 WL 12876091, at *3 (D. R.I. Apr. 11, 2012) (same). The Court should hold Newsmax to the same standard.

Fox served interrogatories seeking the factual bases for specific allegations in Newsmax's Complaint. Newsmax's responses are deficient in two overlapping respects: they improperly refer Fox back to the Complaint itself, and they fail to disclose any meaningful factual basis for the allegations at issue. Newsmax's refusal either to cure those deficiencies in a timely manner or withdraw its allegations prejudices Fox, disregards the Federal Rules, and warrants this Court's swift intervention.

## I. Newsmax Improperly Answers Interrogatories Seeking the Factual Basis for Its Allegations by Referring Fox Back to Its Allegations.

It is black-letter law that "[a]n answer to an interrogatory must be responsive to the question," must "be complete in itself," and "should not refer to the pleadings, or to depositions or other documents, or to other interrogatories." *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind.

2000) (citations and internal quotation marks omitted); *see also* Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("Simply referring to pleadings or other discovery is frequently found insufficient."). This rule exists for good reason: "Statements in a complaint are just allegations; interrogatory responses, however, must contain facts, and the party responding must verify that those facts are true and correct to the best of its knowledge." *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 2342128, at *2 (N.D. Cal. May 3, 2016) (citation omitted). Therefore, incorporation by reference to a complaint "is insufficient and nonresponsive" to an interrogatory. *Mobimeds, Inc. v. E-MedRx Sols., Inc.*, No. 19-CV-3224, 2021 WL 5014788, at *7 (C.D. Ill. Oct. 28, 2021); *see Dawson v. Res-Care Inc.*, 2022 WL 2473447, at *5 (E.D. Wis. July 6, 2022) ("Responding to interrogatories is the point in the lawsuit at which a plaintiff must bring the broad allegations of a complaint into focus.").

Newsmax's responses to Interrogatories 3, 4, and 7 are nonresponsive on their face under this settled rule. Interrogatories 3 and 4 asked Newsmax to identify the distributors with which it has been unable to contract because of Fox's alleged agreements, and to describe in detail the basis for that contention. Newsmax's response to each was to direct Fox to Paragraphs 57, 58, 61, 67, 70, 85, and 110 of the Complaint. *See* Ex. B at 7-9 That is not an answer; it is simply incorporation of the very allegations the interrogatories seek to probe.

Newsmax's response to Interrogatory 7 is even more problematic. There, Fox asked Newsmax to describe the basis for its allegation, in Paragraph 95 of the Complaint, that Fox has used "smear intimidation tactics against its competitors." Ex. A at 6; Compl. ¶ 95. Newsmax's response points to Paragraphs 63 through 66 of its own Complaint and to the Amended Complaint in *Tantaros v. Fox News Network, LLC*, No. 1:17-cv-02958 (S.D.N.Y. Jan. 29, 2018), Dkt. No. 124-2—a dismissed case that concerned Fox's alleged treatment of its *former on-air talent—not*

its competitors. Ex. B at 10-11. Newsmax's response is therefore doubly non-responsive: it invokes an extraneous pleading, instead of facts, and that pleading does not even answer the question posed. *See Scaife*, 191 F.R.D. at 594.

## II. Newsmax Has Failed to Disclose Any Meaningful Factual Basis for Its Core Allegations.

Where Newsmax's responses go beyond cross-referencing the Complaint, they fail for a different reason: they disclose no meaningful factual basis for the allegations that are the subject of the interrogatories.

Interrogatory 5 asked Newsmax to identify "each individual" who has communicated to Newsmax that its carriage agreement was denied, delayed, or adversely tiered because of Fox, and to describe those communications. Ex. A at 6. In response to this straightforward interrogatory, Newsmax failed to identify a single individual, providing only the atmospheric assertion that it was "aware that Fox uses carriage agreements and 'gentlemen's agreements' that restrict or prevent Distributors from contracting with Newsmax based on general discussions with industry participants." Ex. B at 9-10. Such "[v]ague references to conversations . . . are not appropriate" responses under Rule 33. *Flying J Inc. v. TA Operating Corp.*, No. 1:06 CV 30 TC, 2007 WL 1302756, at *1 (D. Utah May 2, 2007). When a complaint's allegations rest on communications, a full response to an interrogatory seeking identification of such communications must "includ[e], for any oral communication, the date, place, type, substance, and persons who made and received the communication." *Robinson Steel Co. v. Caterpillar, Inc.*, No. 2:10-CV-438-JTM-PRC, 2012 WL 3245987, at *9 (N.D. Ind. Aug. 6, 2012). Newsmax provides none of that.

Newsmax's other responses are similarly vague and unresponsive. Interrogatory 6 asked Newsmax to describe the basis for its allegation, in Paragraph 57 of the Complaint, that "Fox used its leverage to secure inclusion of Fox News in [Fubo's] Sports/News Package and exclude

Newsmax." Ex. A at 6; Compl. ¶ 57. Newsmax evaded once more and again responded that its only basis for this very specific allegation was "conversations with industry participants," while failing to name those individuals, describe the substance of those conversations, or provide any other fact connecting those conversations to Fox's alleged exercise of leverage. Ex. B at 10. Newsmax also observed that it "understands that" Fubo's Sports/News Package excludes non-sports news networks other than Fox News—a fact that says nothing responsive to the subject of the interrogatory—which was to identify the *basis* for Newsmax's understanding. *Id.*

Finally, in Interrogatory 8, Fox asked Newsmax to describe the basis for its allegation, in Paragraph 101, that Fox's carriage agreements contain "unfair 'drag-down' provisions." Ex. A at 6, Compl. ¶ 101. Newsmax again, relied on outside material—"publicly available testimony from an executive at DISH and an executive at Fubo"—which cannot render its response complete. Ex. B at 11; *Scaife*, 191 F.R.D. at 594. Regardless, the cited testimony "do[es] not answer the question posed." *Scaife*, 191 F.R.D. at 594. Nothing in the DISH or Fubo testimony states that Fox's carriage agreements with the four distributors identified in Paragraph 101 contain the drag-down provisions Newsmax alleges; the testimony discusses different contractual concepts.[2]

Newsmax also explained that an unidentified individual at third-party distributor Sling "informed Newsmax that it could not move Newsmax from low-penetration News Extra tier to either of Sling's base packages" because that "would require Sling to move other news networks in the News Extra package along with Newsmax." Ex. B at 11. But that vague description omits the basic detail Rule 33 requires—who, when, how—and critically, does not describe a *Fox*

---

[2] Newsmax relies on the *FuboTV* case, but carriage agreements exchanged in that case would have been subject to the case's protective order, which prohibits those involved in that case—including Newsmax's outside counsel here—from using confidential material for anything other than *that* litigation. *See* Amended Stipulated Protective Order, *FuboTV Inc. v. Disney*, No. 24-cv-1363 (S.D.N.Y. July 8, 2024), ECF No. 218. It is important for Fox to know how Newsmax purportedly learned the terms of multiple of Fox's highly confidential business agreements with third parties.

*carriage agreement* or any provision within one. *Robinson Steel*, 2012 3245987, at *9. It therefore cannot supply the factual basis for an allegation about Fox's specific contract terms.

> **III.** **Newsmax's Refusal to Supplement or Withdraw Its Allegations in a Timely Manner Demonstrates Its Improper Intent To Prejudice Fox or Its Lack of a Good-Faith Basis for Its Allegations.**

After Newsmax served its responses, Fox gave it every opportunity to cure. On April 3, 2026, Fox sent Newsmax a detailed letter identifying each deficiency and asking Newsmax to either supplement its responses with the factual bases required by Rule 33 or withdraw its allegations. Ex. C. On April 16, Fox followed up multiple times after meeting and conferring to reiterate this request. Ex. D. To date, Newsmax has neither supplemented its responses nor sought to dismiss or amend its Complaint.

That failure raises significant questions about whether Newsmax properly discharged its Rule 11 obligation to "conduct a reasonable investigation of the factual . . . basis" for every allegation in its Complaint. *Sommerville*, 2021 WL 1341869, at *3. Had Newsmax conducted that investigation, it "should already possess information responsive to these requests," rendering answering factual-contention interrogatories an easy lift. *Id.*

That Newsmax cannot, or will not, answer basic factual-contention interrogatories therefore suggests one of two things: either (i) Newsmax actually has no information whatsoever to support numerous allegations in the Complaint concerning the supposed terms in Fox's carriage agreements and supposed decisions by distributors not to carry Newsmax; or (ii) Newsmax deliberately is hiding the ball to hobble Fox's ability to conduct further discovery—such as by deposing the purported "industry participants" who supposedly told Newsmax things about why Newsmax was not getting carriage deals. Either way, the Federal Rules do not permit Newsmax to rummage around in Fox's documents in an effort to reverse engineer some ground for amending a complaint that was wholly unsupported at the outset, nor do they require Fox to litigate in the

dark. The Court's intervention is required to avoid continued prejudice to Fox's defense and needless further delay. *Sargent-Welch Scientific Co.*, 59 F.R.D. at 503 ("It is clear that the defendants are entitled to know the facts upon which plaintiff's claim is founded. Mutual knowledge of the relevant facts is essential to proper litigation.").

## CONCLUSION

Fox respectfully requests that this Court order Newsmax to provide prompt, full, and complete responses, including all facts and information currently in its possession, to Fox's Interrogatories numbered 3, 4, 5, 6, 7, and 8.

Dated: April 21, 2026

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td><em>/s/ Ryan J. Walsh</em></td></tr>
<tr><td>Bradley J. Bondi</td><td>Ryan J. Walsh</td></tr>
<tr><td>Michael F. Murray</td><td>Amy C. Miller</td></tr>
<tr><td>Benjamin Snyder</td><td><strong>EIMER STAHL LLP</strong></td></tr>
<tr><td>Ronald K. Anguas</td><td>2 East Mifflin Street</td></tr>
<tr><td><strong>PAUL HASTINGS LLP</strong></td><td>Suite 703</td></tr>
<tr><td>2050 M Street NW</td><td>Madison, WI 53703</td></tr>
<tr><td>Washington, DC 20036</td><td>Telephone: 608.620.8346</td></tr>
<tr><td>Telephone: 202.551.1700</td><td>rwalsh@eimerstahl.com</td></tr>
<tr><td>bradbondi@paulhastings.com</td><td>amiller@eimerstahl.com</td></tr>
<tr><td>michaelmurray@paulhastings.com</td><td></td></tr>
<tr><td>bensnyder@paulhastings.com</td><td></td></tr>
<tr><td>ronaldanguas@paulhastings.com</td><td>Paul T. Cappuccio</td></tr>
<tr><td></td><td>Patrick F. Philbin</td></tr>
<tr><td></td><td>Cody L. Reaves</td></tr>
<tr><td></td><td><strong>TORRIDON LAW PLLC</strong></td></tr>
<tr><td></td><td>801 17th Street NW, Suite 1100</td></tr>
<tr><td></td><td>Washington, DC 20006</td></tr>
<tr><td></td><td>Telephone: 202.249.6900</td></tr>
<tr><td></td><td>pcappuccio@torridonlaw.com</td></tr>
<tr><td></td><td>pphilbin@torridonlaw.com</td></tr>
<tr><td></td><td>creaves@torridonlaw.com</td></tr>
</table>

*Attorneys for Defendants*