# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| NEWSMAX BROADCASTING, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>FOX CORPORATION AND FOX NEWS<br><br>NETWORK, LLC,<br><br>*Defendants*. | No. 3:25-cv-770<br><br>Hon. William M. Conley |

## DEFENDANTS FOX CORPORATION AND FOX NEWS NETWORK, LLC'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, Defendants Fox Corporation and Fox News Network, LLC ("**Fox**" or "**Defendants**"), by and through their undersigned attorneys, request that Plaintiff Newsmax Broadcasting, LLC ("**Newsmax**" or "**Plaintiff**") respond to this First Set of Interrogatories (collectively, the "**Interrogatories**" and, individually, an "**Interrogatory**"). Plaintiff is requested to serve its answers on counsel for Defendants, Michael Murray, at the office of Paul Hastings LLP, 2050 M Street NW, Washington, DC 20036, and/or by email to michaelmurray@paulhastings.com, within thirty days after service thereof.

1

## I. **DEFINITIONS**

Notwithstanding any definition stated below, each word, term, or phrase used in the Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and any other applicable law. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 are hereby incorporated by reference and apply to these Requests. The following definitions apply throughout these Requests without regard to capitalization:

1. "**Actions**" refers to the above-captioned action pending in the United States District Court for the Western District of Wisconsin, Case No. 25-cv-770, and *Newsmax Broadcasting, LLC v. Fox Corp., et al.*, Case No. 9:25-cv-81091, filed in the United States District Court for the Southern District of Florida.

2. "**Any**" and "**All**" shall mean one or more and are mutually interchangeable terms meant to encompass one another.

3. "**Complaint**" refers to Plaintiff's complaint filed in the above-captioned action.

4. "**Communication(s)**" shall mean shall mean any transmission between or among two or more Persons by any means, including written transmission by means of letters, memoranda, telegrams, telecopies, telexes, email, text messages, instant messages, or any other document; any oral transmission of information, such as face-to-face meetings or telephone conversations; and any writings or records memorializing such contacts.

5. "**Distributor(s)**" shall mean and include all Multichannel Video Programming Distributors, whether internet-based or cable-based, and "MVPDs," "vMVPDs," "carriers," and "distributors," as those terms are used and defined in the Complaint.

6. "**Document(s)**" shall be interpreted in the broadest sense possible under Federal Rule of Civil Procedure 34(a)(1)(A) and includes any written or recorded matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, in the custody or control of Newsmax or Newsmax's attorneys or agents. This shall include, but not be limited to, records of Communications in any format, electronic mail or other electronic communications, letters, facsimile, correspondence, contracts, agreements, teletype messages, notes, reports, mechanical and electronic video and/or sound recordings or transcripts thereof, memoranda or minutes of telephone or personal conversations or minutes of conferences in the possession and/or control of Newsmax or Newsmax's attorneys or agents, or that is otherwise known by Newsmax to exist. The term "**document(s)**" also specifically includes all

electronic documents and other "electronically stored information" or ESI (whether stored electronically or in the form of a hard-copy, print-out, or otherwise) and all attachments thereto. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

7. "**Fox**" or "**Defendants**" shall mean Fox Corporation and Fox News Network, LLC, Defendants in the above-captioned Action, and each of their respective predecessors and successors, past and present subsidiaries, agents, directors, officers, representatives, partners, associates, employees, accountants, lawyers, advisors, brokers, consultants, affiliates, and any other Persons acting or purporting to act on their behalf or under their direction.

8. "**Identify**" (or any form thereof) shall have its plain and ordinary meaning, except when referring to Persons, documents, or communications, in which case the following meanings apply:

   a. When used with respect to an individual, "**identify**" (or any form thereof) means that individual's full name, last known address, home and business telephone numbers, the title and duties in the company or business with which the individual was affiliated, and the individual's present occupation or business affiliation. Once an individual has been identified in an answer to an Interrogatory, it shall be sufficient thereafter in identifying that individual to state the individual's name and the number of the Interrogatory answer in which the full identification was made.

   b. When used in reference to a Person other than an individual, "**identify**" (or any form thereof) means that Person's full name, a description of the nature of the Person (that is, whether it is a corporation, partnership, etc. under the definition of Person below), and the Person's last known address, telephone number, and principal place of business. Once a Person (other than a natural person) has been identified in an answer to an Interrogatory, it shall be sufficient thereafter in identifying that Person by stating the Person's name and the number of the Interrogatory answer in which the full identification was made.

   c. When used in reference to a document, "**identify**" (or any form thereof) requires You to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the document to Your answer, appropriately labeled to correspond to the Interrogatory.

   d. When used in reference to a communication, "**identify**" (or any form thereof) requires You to state the date, type, manner, and location of the communication, the identity of all parties to the communication, the substance of the communication, and a description of any document Relating To the communication.

3

9. The terms "**Relating to,**" "**Regarding,**" and "**Concerning**" (or any forms thereof) shall mean, in addition to their customary and usual meaning, in any way, directly or indirectly, in whole or in part, relating to, referring to, discussing, mentioning, pertaining to, containing, analyzing, studying, reporting on, commenting on, constituting, considering, recommending, modifying, amending, recording, evidencing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, endorsing, representing, supporting, qualifying, terminating, revoking, refuting, undermining, canceling, contradicting, negating, or concerning.

10. "**Person(s)**" shall mean any natural person or any legal entity, including any business or governmental entity or association.

11. "**Tier(s)**" shall mean bundles of channels packaged together and offered for viewing to subscribers at different price points by Distributors, as explained in the Complaint.

12. "**You**," "**Your**," "**Newsmax**," or "**Plaintiff**" shall mean Newsmax Broadcasting, LLC, Plaintiff in the Actions and each of its predecessors and successors, parents, past and present subsidiaries, agents, directors, officers, representatives, partners, associates, employees, accountants, lawyers, advisors, brokers, consultants, affiliates, and any other Persons acting or purporting to act on its behalf or under its direction.

13. "**Newsmax TV**" shall refer to the pay TV channel launched by Newsmax in 2014, as stated in the Complaint.

14. The following rules of construction apply to all Requests:

   e. The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a specific Request.

   f. The terms "all" and "each" shall be construed as "all and each."

   g. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   h. The use of the singular form of any word includes the plural and vice versa.

   i. Present tense shall be construed to include past tense and vice versa.

   j. The term "including" shall be construed as "including, but not limited to."

   k. The above defined terms shall be given the meanings ascribed to them herein whether such terms are capitalized or non-capitalized.

## II. **INSTRUCTIONS**

The following Instructions apply to each Interrogatory set forth below:

1. Respond in writing within thirty days after the date of service as required by the applicable rules.

2. Each Interrogatory shall be answered pursuant to Federal Rule of Civil Procedure 33 and supplemented as required by Federal Rule of Civil Procedure 26.

3. If You reasonably maintain that any of the following Requests seek privileged information, please respond to each Interrogatory or subparts thereof that are not, in Your view, privileged or objectionable. Separately identify each part of the Interrogatory to which You raise a claim of privilege or an objection.

4. Each Document is to be produced along with all drafts, without abbreviation or redaction. Each copy of a Document that differs in any way from another copy of that Document shall be considered a separate Document and shall be separately produced.

5. Any keys, codes, explanations, manuals, or other Documents necessary for the interpretation or understanding of the Documents or things produced in response to these Requests shall be produced.

6. In the event that You object to any Interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such Interrogatory vague and/or ambiguous and specify the meaning actually attributed by You to such words for purposes of Your response thereto.

7. These Interrogatories are deemed to be continuing under Rule 26 of the Federal Rules of Civil Procedure, and any additional information subsequently discovered should be provided as soon as it becomes available to You.

8. Present tense shall be construed to include past tense and vice versa.

9. Unless otherwise indicated, the relevant time period for these Requests is from January 1, 2019, to the present.

## II. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify (a) all Distributors with which Newsmax has entered into a carriage agreement or negotiated entering into a carriage agreement; (b) whether or not Newsmax entered a carriage agreement with the Distributor; and (c) the specific individuals at each such Distributor who conducted negotiations with Newsmax.

**INTERROGATORY NO. 2:** For each Distributor identified in response to Interrogatory No. 1 that has entered into a carriage agreement with Newsmax, identify which of those Distributors have included Newsmax TV in the same distribution Tier as the channels (i) Fox News, (ii) Fox Business, and (iii) Fox Sports 2.

**INTERROGATORY NO. 3:** Identify each Distributor that Newsmax claims to have been unable to contract with, in whole or in part, as a result of any contract or purported "gentlemen's agreement" between Fox and any such Distributor.

**INTERROGATORY NO. 4:** For every Distributor identified in your response to Interrogatory No. 3, describe in detail the basis for your contention that you have been unable to contract with that Distributor as a result of an existing agreement between that Distributor and Fox, including (a) the specific requirement(s) of such agreement that restricted that Distributor from contracting with Newsmax; (b) the identities of any individual at such Distributor who gave Newsmax reason to believe that the inability to contract was due to Fox; and (c) the specific Communications related thereto.

**INTERROGATORY NO. 5:** Identify (a) each individual, whether affiliated with a Distributor or not, who has communicated to Newsmax that Newsmax's carriage with a distributor was denied, delayed, or adversely tiered because of Fox; and (b) for each such individual, identify the specific Communication(s) related thereto.

**INTERROGATORY NO. 6:** Describe in detail the basis for your allegation in Paragraph 57 of the Complaint that "Fox used its leverage to secure inclusion of Fox News in [Fubo's] Sports/News Package and exclude Newsmax."

**INTERROGATORY NO. 7:** Describe in detail the basis for your allegation in Paragraph 95 of the Complaint that Fox has used "smear intimidation tactics against its competitors."

**INTERROGATORY NO. 8:** Describe in detail the basis for Your allegation in Paragraph 101 of the Complaint that Fox has carriage agreements containing "unfair 'drag-down' provisions that require a distributor who places Newsmax in its basic tier to also carry low-demand Fox channels in that same tier."

**INTERROGATORY NO. 9:** Without regard to time period, describe in detail each instance in which Newsmax was foreclosed from distribution by any Distributor or was otherwise required to pay any Distributor for the distribution of Newsmax's content, irrespective of whether such outcomes occurred within the context of the negotiation of a prospective carriage agreement or in the context of the renewal or renegotiation of an existing carriage agreement. Your response to this Interrogatory should include sufficient detail to identify: (i) each Distributor associated with such foreclosure or paid distribution requirement; (ii) the business justification provided by any

6

Distributor in connection with each such foreclosure or paid distribution requirement; (iii) the direct costs incurred by Newsmax in connection with each such foreclosure or paid distribution requirement; and (iv) the associated revenue You contend You would have earned in the absence of such foreclosure or paid distribution requirement.

**INTERROGATORY NO. 10:** State the relevant product and geographic market(s) that You contend apply to Your antitrust claims, and identify all facts, Documents, and Analyses supporting Your definition of the relevant markets.

DATED:  February 13, 2026

Respectfully submitted,

*/s/ Ryan J. Walsh*
Ryan J. Walsh

Bradley J. Bondi
Michael F. Murray
Benjamin W. Snyder
Ronald K. Anguas

**EIMER STAHL LLP**
2 East Mifflin Street
Suite 703
Madison, WI 53703
Telephone: 608.620.8346
rwalsh@eimerstahl.com

**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700
bradbondi@paulhastings.com
michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

Paul T. Cappuccio
Patrick F. Philbin
Cody L. Reaves
**TORRIDON LAW PLLC**
801 17th Street NW, Suite 1100
Washington, DC 20006
Telephone: 202.249.6900
pcappuccio@torridonlaw.com
pphilbin@torridonlaw.com
creaves@torridonlaw.com

*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served in accordance with the Federal Rules of Civil Procedure on all known counsel of record on February 13, 2026, as follows:

Jennifer L. Gregor
jgregor@gklaw.com

**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
Madison, WI 53703
(608) 257-3911 (telephone)

-and-

Michael J. Guzman (*pro hac vice* forthcoming)
mguzman@kellogghansen.com

**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7910

*/s/ Ryan J. Walsh*
Ryan J. Walsh

8