# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

NEWSMAX BROADCASTING, LLC

        *Plaintiff,*

    v.

FOX CORPORATION and
FOX NEWS NETWORK, LLC

        *Defendants.*

Case No. 3:25-CV-770-wmc

---

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Newsmax Broadcasting, LLC ("Newsmax" or "Plaintiff"), by and through its undersigned attorneys, provides the following Responses and Objections to Defendants Fox Corporation and Fox News Network, LLC's (collectively "Fox" or "Defendants") First Set of Interrogatories (each an "Interrogatory," and collectively, the "Interrogatories"), dated February 13, 2026.

The General Objections, Objections to Definitions and Instructions, and Objections to Specific Interrogatories shall be referred to collectively herein as the "Objections." Plaintiff's Responses and Objections are based on information reasonably available to it. Discovery is ongoing and Plaintiff reserves all rights to supplement or otherwise modify its Responses and Objections as this proceeding continues pursuant to Federal Rule of Civil Procedure 26(e).

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Interrogatories and incorporates them, as well as the Objections to Definitions and Instructions below, into its response to each

and every Interrogatory, whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objections in response to a specific Interrogatory does not waive any of these General Objections as to that or any other Interrogatory. Plaintiff's failure to object to a specific Interrogatory on a particular ground shall not be construed as a waiver of its right to object on any general ground.

1.     Plaintiff objects to the Interrogatories to the extent that they assume disputed facts and/or contain legal conclusions. Plaintiff denies any such disputed facts or legal conclusions. Any information provided by Plaintiff in response to the Interrogatories is without prejudice to this objection and Plaintiff does not, by responding to the Interrogatories, adopt or agree with any such disputed facts or legal conclusions.

2.     Plaintiff objects to the Interrogatories to the extent they purport to impose a duty to undertake a search beyond a diligent search for reasonably available information responsive to the Interrogatories. In response to any proper interrogatories, Plaintiff will provide only responsive, non-privileged information within its possession, custody, or control that is located by a reasonable, good-faith search for such information.

3.     Plaintiff objects to each Interrogatory, Instruction, and Definition to the extent it purports to seek information that is not relevant to the claims and defenses at issue in this lawsuit or not designed to seek discovery that is proportional to the needs of this case. Plaintiff further objects to the extent the Interrogatories seek information of marginal relevance such that the burden on Plaintiff to respond substantially outweighs the information's potential probative value.

4.     Plaintiff objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any

2

other applicable privilege, immunity, or protection. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege or protection. Plaintiff reserves the right to assert any and all applicable privileges and protections at any time.

5. Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

6. Plaintiff objects to each Interrogatory to the extent that an answer may be determined by examining, auditing, compiling, abstracting, or summarizing business records, and where the burden of deriving or ascertaining the answer will be substantially the same for either party. *See* Fed. R. Civ. P. 33(d). When this is the case, Plaintiff will specify the records that must be reviewed and give Defendants a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries, to the extent required by the Federal Rules of Civil Procedure.

7. Plaintiff objects to each Interrogatory, Instruction, and Definition to the extent it purports to seek information outside of Plaintiff's possession, custody, and control, or requires Plaintiff to speculate about the identity of persons who might have responsive information, and/or calls for information Plaintiff no longer possesses and/or was under no obligation to maintain.

8. Plaintiff objects to each Interrogatory, Instruction, and Definition to the extent it purports to seek information that can be obtained from sources that are more convenient, less burdensome, and less expensive. Plaintiff will not undertake to search, review, or collect publicly available information, though Plaintiff does not waive this objection in the event that it produces publicly available information.

9.      Plaintiff objects to each Interrogatory, Instruction, and Definition to the extent it seeks discovery of electronically stored information from sources that are not reasonably accessible in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found.

10.     Plaintiff objects to each Interrogatory to the extent it is redundant or duplicative of another Interrogatory. When information is responsive to more than one Interrogatory, Plaintiff will produce or provide that information only once.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to the Definitions to the extent they are overbroad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.

2.      Plaintiff objects to the Definitions in the Interrogatories to the extent that they purport to give meaning or legal significance to a document, event, fact, or purported fact whose meaning or significance is subject to dispute, and to the extent they attribute any special or unusual meaning to any term or phrase. Plaintiff's Responses below shall not constitute an admission or concession to any definitions, terms, or phrases used by Defendants, or legal positions taken by Defendants in the Action.

3.      Plaintiff objects to the Definitions in the Interrogatories to the extent they conflict with the definition of the same or similar terms used in Plaintiff's Complaint, and any subsequent operative complaint Plaintiff may file. Plaintiff's failure to object to any specific Definition is not an admission or concession that such Definition is accurate.

4.      Plaintiff objects to the Instructions to the extent they require Plaintiff to produce information, communications, or documents in a manner or format different from the manner and format required by the Federal Rules of Civil Procedure or the ESI Order in this case on the grounds that such Instructions are overly broad.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify (a) all Distributors with which Newsmax has entered into a carriage agreement or negotiated entering into a carriage agreement; (b) whether or not Newsmax entered a carriage agreement with the Distributor; and (c) the specific individuals at each such Distributor who conducted negotiations with Newsmax.

### RESPONSE TO INTERROGATORY NO. 1:

Newsmax objects to Interrogatory No. 1 as unduly burdensome to the extent it seeks identification of "specific individuals" for all negotiations over the relevant period.

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: Newsmax refers Defendants to the Complaint at Paragraphs 6, 14, 23-26, 47, 57-61, 67, 85, and 110, which identify Distributors relevant to Newsmax's claims.

(a), (c) Newsmax has entered into a carriage agreement or negotiated entering into a carriage agreement with the following Distributors and negotiated with the following individuals:

4Com (Tyna Hinds); ABB/Breezeline (Heidi Newsman); Adams Cable (Wendy Hartman); Altice/Optimum (Alan Dannenbaum); Armstrong (Aaron Call, Dave Wittman (retired)); Benton County; Blue Ridge; Bryer Cable; Cable Systems of Nevada; Charter/Spectrum (Tom Montemagno, R.B. Lerch); Cincinnati Bell; Comcast/Xfinity (Justin Smith); Community Television Co; Cox (Andrew I. Albert, Suzanne Fenwick); Dickey Rural/DRS (Sue Urlacher); DIRECTV (Todd Mathers, Robert Thun, Chris Lui); DISH/Sling TV (Warren Schlichting, Andrew LeCuyer, Mark Pomeroy, David Teplinsky (Sling TV)); ETC; Frontier (Francey Leader); Fubo (Todd Mathers, Sal Marchesano); GCI (David Arnold, Kate Lynch); Hotwire (Jonathan Bullock); Hulu (Reagan Feeney, Peter Taylor, Margot Kessler); Infinity Broadband dba c3; Klowd TV; LHTC; Localtel; Mediacom (Kim Stacklum, Glenn

Goldsmith, Cheryl Wetterauw, Joe Appio); MetroNet (Cindy Daly); Midco (Wynne Haakenstad, Rachel Meyer (under Comcast JV)); NCTC (Judy Meyka, Shelley Thompson); Nex-Tech; Nittany; NKT; Oneida; Rainier; RCN; Rodeo TV; Service Electric (Justin Romano); Skitter; TDS (Kristi Ramsey); TikiLive; Verizon (Erin McPherson, Jennifer Glickel); Videoport; Vidgo (Shane Cannon); Wabash Mutual; WOW (Roger Seiken); YouTube (Paul Snow, Lori Conkling); ZipWave; and Zito.

(b) Newsmax either currently has or previously had a carriage agreement with each of the Distributors listed above except for RCN.

Pursuant to Rule 33(d), Newsmax will produce carriage agreements that further answer this Interrogatory.

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 2:**

For each Distributor identified in response to Interrogatory No. 1 that has entered into a carriage agreement with Newsmax, identify which of those Distributors have included Newsmax TV in the same distribution Tier as the channels (i) Fox News, (ii) Fox Business, and (iii) Fox Sports 2.

**RESPONSE TO INTERROGATORY NO. 2:**

Newsmax objects to Interrogatory No. 2 because it is unduly burdensome and disproportionate to the needs of the case. Fox's own business records contain information on which Distributors carry Fox News, Fox Business, and Fox Sports 2, and the burden of deriving or ascertaining the answer from Fox's own records will be substantially lower for Fox than for Newsmax. *See* Fed. R. Civ. P. 33(d). Newsmax further objects to Interrogatory No. 2 as premature because document discovery is not yet complete and Newsmax anticipates that discovery, including documents originating from Fox, will provide relevant information.

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: Altice/Optimum; Charter/Spectrum; Cincinnati Bell; Comcast/Xfinity; Cox; DIRECTV/Uverse; DISH/Sling TV; Frontier; Fubo; Hotwire; Hulu; Mediacom; Midco (on its IPTV platform); NCTC, a cooperative of hundreds of independent cable operators, some of whom may carry Fox News, Fox Business, or Fox Sports 2 in the same Tier as Newsmax; Service Electric; Skitter; Verizon; Vidgo; and YouTube.

Pursuant to Rule 33(d), Newsmax will produce carriage agreements that further answer this Interrogatory.

Newsmax reserves the right to supplement this response as discovery proceeds.

## INTERROGATORY NO. 3:

Identify each Distributor that Newsmax claims to have been unable to contract with, in whole or in part, as a result of any contract or purported "gentlemen's agreement" between Fox and any such Distributor.

## RESPONSE TO INTERROGATORY NO. 3:

Newsmax objects to Interrogatory No. 3 because the terms "unable to contract" and "as a result of" are vague and undefined. Newsmax further objects to Interrogatory No. 3 as unduly burdensome and disproportionate to the needs of the case. Fox's own business records contain information on which of its contracts or "gentlemen's agreements" prevent Distributors from contracting with Newsmax in whole or in part, and the burden of deriving or ascertaining the answer from Fox's own records will be substantially lower for Fox than for Newsmax. *See* Fed. R. Civ. P. 33(d). Newsmax also objects to Interrogatory No. 3 as premature because document discovery is not yet complete and Newsmax anticipates that discovery, including documents originating from Fox, will provide relevant information. And Newsmax objects to the extent that

7

Interrogatory No. 3 requests information from documents—such as Fox's own carriage agreements—that are not in Newsmax's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: Newsmax refers Defendants to the Complaint at Paragraphs 57-58, 61, 67, 70, 85, 110.

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 4:**

For every Distributor identified in your response to Interrogatory No. 3, describe in detail the basis for your contention that you have been unable to contract with that Distributor as a result of an existing agreement between that Distributor and Fox, including (a) the specific requirement(s) of such agreement that restricted that Distributor from contracting with Newsmax; (b) the identities of any individual at such Distributor who gave Newsmax reason to believe that the inability to contract was due to Fox; and (c) the specific Communications related thereto.

**RESPONSE TO INTERROGATORY NO. 4:**

Newsmax objects to Interrogatory No. 4 because the terms "unable to contract" and "as a result of" are vague and undefined. Newsmax further objects to Interrogatory No. 4 as unduly burdensome and disproportionate to the needs of the case. Fox's own business records contain information on the specific requirements of Fox's carriage agreements that restrict Distributors from contracting with Newsmax, and the burden of deriving or ascertaining the answer from Fox's own records will be substantially lower for Fox than for Newsmax. *See* Fed. R. Civ. P. 33(d). Newsmax also objects to Interrogatory No. 4 as premature because document discovery is not yet complete and Newsmax anticipates that discovery, including documents originating from Fox, will provide relevant information. And Newsmax objects to the extent that Interrogatory No. 4 requests information from documents—such as Fox's own carriage agreements—that are not in Newsmax's possession, custody, or control.

8

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: Newsmax refers Defendants to the Complaint at Paragraphs 57-58, 61, 67, 70, 85, 110.

Pursuant to Rule 33(d), Newsmax will produce carriage agreements and communications that further answer this Interrogatory to the extent they exist.

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 5:**

Identify (a) each individual, whether affiliated with a Distributor or not, who has communicated to Newsmax that Newsmax's carriage with a distributor was denied, delayed, or adversely tiered because of Fox; and (b) for each such individual, identify the specific Communication(s) related thereto.

**RESPONSE TO INTERROGATORY NO. 5:**

Newsmax objects to Interrogatory No. 5 because the term "because of" is vague and undefined. Newsmax further objects to Interrogatory No. 5 as overly broad, unduly burdensome and disproportionate to the needs of the case. Fox's own business records contain information on which Distributors are subject to Fox's carriage restrictions that cause Newsmax to be denied, delayed, or adversely tiered because of Fox, and the burden of deriving or ascertaining the answer from Fox's own records will be substantially lower for Fox than for Newsmax. *See* Fed. R. Civ. P. 33(d). Newsmax also objects to Interrogatory No. 5 as premature because document discovery is not yet complete and Newsmax anticipates that discovery, including documents originating from Fox, will provide relevant information. And Newsmax objects to the extent that Interrogatory No. 5 requests information from documents—such as Fox's own carriage agreements—that are not in Newsmax's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: Newsmax is aware that Fox uses carriage agreements and "gentlemen's

9

agreements" that restrict or prevent Distributors from contracting with Newsmax based on general discussions with industry participants.

Pursuant to Rule 33(d), Newsmax will produce communications that further answer this Interrogatory to the extent they exist.

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 6:**

Describe in detail the basis for your allegation in Paragraph 57 of the Complaint that "Fox used its leverage to secure inclusion of Fox News in [Fubo's] Sports/News Package and exclude Newsmax."

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving the foregoing general objections, Newsmax responds as follows: Based on conversations with industry participants, Newsmax understands that Fox leveraged its control over must-have sports programming to require inclusion of the Fox News Channel in Fubo's Sports/News package, while excluding Newsmax from that package. Newsmax further understands that no other non-sports news networks were included in that package.

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 7:**

Describe in detail the basis for your allegation in Paragraph 95 of the Complaint that Fox has used "smear intimidation tactics against its competitors."

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving the foregoing general objections, Newsmax responds as follows: Newsmax refers Defendants to the Complaint at Paragraphs 63-66 and the Amended Complaint in *Tantaros v. Fox News Network, LLC*, No. 1:17-cv-02958, (S.D.N.Y. Jan. 29, 2018).

10

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 8:**

Describe in detail the basis for Your allegation in Paragraph 101 of the Complaint that Fox has carriage agreements containing "unfair 'drag-down' provisions that require a distributor who places Newsmax in its basic tier to also carry low-demand Fox channels in that same tier."

**RESPONSE TO INTERROGATORY NO. 8:**

Newsmax objects to Interrogatory No. 8 because the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Fox's own business records, and the burden of deriving or ascertaining the answer from Fox's own records will be substantially lower for Fox than for Newsmax. *See* Fed. R. Civ. P. 33(d). Newsmax further objects to the extent that Interrogatory No. 8 requests information from documents—such as Fox's own carriage agreements—that are not in Newsmax's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: The packaging requirements and drag-down provisions in Fox's carriage agreements have been described in publicly available testimony from an executive at DISH and an executive at Fubo. *See* Hearing Tr. at 327:22-328:24, 434:19-435:17, 698:8-18, 756:22-759:18, 880:21-881:25, *FuboTV Inc. v. Walt Disney Co.*, No. 1:24-cv-01363 (S.D.N.Y. Aug. 7-9, 2024), Dkt. Nos. 298, 300, 302. The hearing transcripts are available on the docket in this case at Dkt. No. 41-6.

Additionally, Sling informed Newsmax that it could not move Newsmax from Sling's low-penetration News Extra tier to either of Sling's base packages (Sling Orange and Sling Blue) because doing so would require Sling to move other news networks in the News Extra package along with Newsmax.

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 9:**

Without regard to time period, describe in detail each instance in which Newsmax was foreclosed from distribution by any Distributor or was otherwise required to pay any Distributor for the distribution of Newsmax's content, irrespective of whether such outcomes occurred within the context of the negotiation of a prospective carriage agreement or in the context of the renewal or renegotiation of an existing carriage agreement. Your response to this Interrogatory should include sufficient detail to identify: (i) each Distributor associated with such foreclosure or paid distribution requirement; (ii) the business justification provided by any Distributor in connection with each such foreclosure or paid distribution requirement; (iii) the direct costs incurred by Newsmax in connection with each such foreclosure or paid distribution requirement; and (iv) the associated revenue You contend You would have earned in the absence of such foreclosure or paid distribution requirement.

**RESPONSE TO INTERROGATORY NO. 9:**

Newsmax objects to Interrogatory No. 9 because the terms "foreclosed," "otherwise required to pay," "business justification," "direct costs," "in connection with," and "associated revenue" are vague and undefined. Newsmax further objects to Interrogatory No. 9 to the extent it constitutes a premature contention interrogatory that seeks expert discovery, including its request for "associated revenue . . . earned in the absence of such foreclosure or paid distribution requirement." *See* Fed. R. Civ. P. 33(a)(2). Newsmax also objects to Interrogatory No. 9 because Fox's own business records contain information on Fox's foreclosure of distribution, and the burden of deriving or ascertaining the answer from Fox's own records will be substantially lower for Fox than for Newsmax. *See* Fed. R. Civ. P. 33(d). Newsmax also objects to Interrogatory No. 9 as premature because document discovery is not yet complete and Newsmax anticipates that discovery, including documents originating from Fox, will provide relevant information. And Newsmax objects to the extent that Interrogatory No. 9 requests information from documents— such as Fox's own carriage agreements—that are not in Newsmax's possession, custody, or control.

12

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: Newsmax repeatedly met with Hulu in person between 2017 and 2021 to discuss carriage of Newsmax. By late 2021, Hulu no longer would take in-person or telephonic meetings and ceased all communications with Newsmax. Newsmax consistently reached out to Hulu, but Hulu did not engage again until 2025.

Newsmax also sought carriage with YouTube TV for years after YouTube announced the launch of their vMVPD platform. By April of 2022, YouTube told Newsmax it was open to a carriage agreement and asked for a proposal. Over the following two-and-a-half years, YouTube repeatedly changed positions on certain aspects of the deal, delayed responses, and dragged out negotiations until the parties finally reached an agreement in September of 2024.

Pursuant to Rule 33(d), Newsmax will produce business records that further answer this Interrogatory to the extent they exist.

Newsmax reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 10:**

State the relevant product and geographic market(s) that You contend apply to Your antitrust claims, and identify all facts, Documents, and Analyses supporting Your definition of the relevant markets.

**RESPONSE TO INTERROGATORY NO. 10:**

Newsmax objects to Interrogatory No. 10 to the extent it constitutes a premature contention interrogatory that seeks expert discovery. *See* Fed. R. Civ. P. 33(a)(2). Newsmax further objects to Interrogatory No. 10 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing general and specific objections, Newsmax responds as follows: The relevant product market is the Right-leaning Pay TV News market. The relevant geographic market is the United States. Newsmax refers Defendants to Paragraphs 27 to 43 and 68 to 78 of its Complaint and pages 9 to 26 of its Opposition to Defendants' Motion to Dismiss, and any sources or exhibits cited therein.

Newsmax reserves the right to supplement this response as discovery proceeds.

Dated: March 26, 2026

Respectfully submitted,

*/s/ Michael J. Guzman*
Michael J. Guzman (*pro hac vice*)
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
mguzman@kellogghansen.com

Jennifer Gregor
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
jgregor@gklaw.com

*Attorneys for Plaintiff Newsmax Broadcasting, LLC*

## VERIFICATION

I, Andy Biggers, verify under penalty of perjury that I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and that the facts listed are true and correct to the best of my knowledge, information, and belief based upon the sources and/or investigations performed to date by myself and counsel.

Executed on March 27, 2026, in New York, New York.

Andy Biggers
SVP of Content Distribution,
Newsmax Broadcasting, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I caused a true and correct copy of the foregoing PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES to be served by email upon the following recipients:

Ryan J. Walsh
Amy Miller
**EIMER STAHL LLP**
2 East Mifflin Street
Suite 703
Madison, WI 53703
Phone: 608-620-8346
rwalsh@eimerstahl.com
amiller@eimerstahl.com

Bradley J. Bondi
Michael F. Murray
Benjamin W. Snyder
Ronald K. Anguas, Jr.
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Phone: 202-551-1700
bradbondi@paulhastings.com
michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

Paul T. Cappuccio
Patrick F. Philbin
Cody L. Reaves
**TORRIDON LAW PLLC**
801 17th Street NW, Suite 1100
Washington, DC 20006
Phone: 202-249-6900
pcappuccio@torridonlaw.com
pphilbin@torridonlaw.com
creaves@torridonlaw.com

*Attorneys for Defendants Fox Corporation
and Fox News Network, LLC*

By: *s/Emily Zimmermann*
Emily Zimmermann

17