# Exhibit C

**PAUL HASTINGS**

1 (202) 551-1872
ronaldanguas@paulhastings.com

April 3, 2026

**VIA EMAIL**

Michael J. Guzman
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
mguzman@kellogghansen.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
jgregor@gklaw.com

Re:     *Newsmax Broadcasting, LLC v. Fox Corp.*, Case No. 3:25-cv-770-WMC (W.D. Wis.)

Dear Mr. Guzman:

We write on behalf of Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox") regarding deficiencies in Plaintiff Newsmax Broadcasting, LLC's responses and objections to Fox's First Set of Interrogatories ("ROGs") and Fox's First Set of Requests for Production ("RFPs"). As detailed below, Newsmax's responses are deficient in several material respects and do not comply with its obligations under Rules 33 and 34 of the Federal Rules of Civil Procedure. Fox continues to review Newsmax's responses and objections and reserves all rights, including identifying additional deficiencies in the future. Fox is available to meet and confer concerning these deficiencies, as well as Newsmax's March 30, 2016 letter, on April 10, 2026.

## I.     INTERROGATORY DEFICIENCIES

### A.     Citations to the Complaint or Briefing Are Patently Insufficient to Answer Interrogatory Nos. 1, 3, 4, 5, 6, 7, and 10.

As a threshold matter, Newsmax's Responses to Interrogatory Nos. 1, 3, 4, 5, 6, 7 and 10 consist principally of improper cross-references to Complaint paragraphs or paraphrases of allegations in

April 3, 2026
Page 2

the Complaint.  An interrogatory requires a full, sworn narrative response under Rule 33(b)(3). The Complaint is a pleading that contains unproven factual allegations, not facts.  The purpose of interrogatories is to discover the information supporting the allegations.  *See generally* Fed. R. Civ. P. 26(b), 33(a)(2).  Newsmax's reliance on its own unproven allegations to respond to interrogatories seeking the facts underlying those allegations is patently improper.  *See Dawson v. Res-Care Inc.*, 2022 WL 2473447, at *5 (E.D. Wis. July 6, 2022) ("Responding to interrogatories is the point in the lawsuit at which a plaintiff must bring the broad allegations of a complaint into focus.").  Newsmax must immediately respond by disclosing the facts on which it bases the cited allegations.

> **B.** **Transcript, Legal Briefs, or Other Outside Citations Are Insufficient to Answer Interrogatory Nos. 8 and 10.**

Newsmax's interrogatory responses are similarly deficient to the extent that they rely on citations to hearing transcripts or legal briefs—particularly in response to Interrogatory No. 8, where Newsmax cited to multiple transcripts across different dockets, or Interrogatory No. 10, where Newsmax refers Fox to "its Opposition to Defendant's Motion to Dismiss, and any sources or exhibits cited therein."  Referencing transcripts or other litigation materials does not satisfy Newsmax's obligations under Rule 33, nor does shifting the burden to Fox to sift through outside materials "in an attempt to glean the information sought in the interrogatory." *French v. Wachovia Bank NA*, 2010 WL 2643385, at *1 (E.D. Wis. June 29, 2010) (instructing that "[r]eferring to a multiple page report does not constitute a proper response to an interrogatory.").  Fox demands that Newsmax immediately respond by disclosing the facts on which it bases the cited allegations.

> **C.** **Specific Interrogatory Deficiencies.**

**Interrogatory No. 2:** This interrogatory asked Newsmax to identify distributors that include Fox News, Fox Business, or Fox Sports 2 in the same distribution tier as Newsmax.  Although Newsmax provided a partial list of distributors carrying Fox News in the same tier as Newsmax, it did not provide a complete answer regarding NCTC member operators, stating only that "some of [them] may carry Fox News, Fox Business, or Fox Sports 2 in the same Tier as Newsmax." Newsmax negotiates its own carriage through NCTC and should know its own tier placement relative to Fox channels on those systems.  Further, Newsmax's Rule 33(d) objection is misplaced; Fox's own records may reflect Fox's tier placements, but Newsmax is the party with direct knowledge of its own tier placements.  Newsmax must provide a definitive answer as to each NCTC member operator.

**Interrogatory No. 3:** This interrogatory asked Newsmax to identify distributors that were prevented from contracting carriage agreements with it due to alleged "gentlemen's agreements" with Fox.  Newsmax's substantive response is limited to a cross-reference to Complaint ¶¶ 57–58,

April 3, 2026
Page 3

61, 67, 70, 85, and 110. This self-referential citation to an unverified pleading is not a substantive interrogatory response. Rule 33(d) requires Newsmax to provide information known to it now, not defer a response indefinitely to future document production or refer Fox back to its own documents. Newsmax filed the Complaint with these allegations and must identify the specific distributors on which these allegations are based, the factual basis for each allegation, and the source—document, communication, or otherwise—for each allegation. If Newsmax has no good-faith factual basis for these allegations, then Fox expects Newsmax to withdraw them, or Fox will seek appropriate relief from the Court, including preclusion of related factual material.

**Interrogatory No. 4:** This interrogatory asks Newsmax to identify the specific requirements of Fox agreements that restricted distributors from contracting with Newsmax, the identities of individuals who conveyed this information, and the related communications. Newsmax provided none of this. Where the interrogatory asks for Newsmax's own knowledge—what it was told, by whom, and when—Rule 33(d) does not authorize deferral to document production. *See Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992). Newsmax must answer Interrogatory No. 4 with the specificity required by the Federal Rules of Civil Procedure.

**Interrogatory No. 5:** Newsmax's response to this interrogatory is glaringly deficient. The interrogatory asks Newsmax to identify ***each individual*** who communicated that carriage was denied, delayed, or adversely tiered because of Fox, and to identify the ***specific communications***. Newsmax responds that it is "aware that Fox uses carriage agreements and 'gentlemen's agreements' that restrict or prevent Distributors from contracting with Newsmax ***based on general discussions with industry participants***." (Emphasis added.) This is just a paraphrase of Complaint paragraph 82: "Fox knowingly and actively concealed its unlawful restraints . . . by using oral "gentlemen's agreements" to avoid leaving discoverable paper trails. Fox kept the key exclusionary provisions from the public eye; they exist only in private, bilateral contracts between Fox and MVPDs/vMVPDs." Compl. ¶ 82; *see also id.* ¶ 60. Interrogatory 5 seeks basic facts underlying this allegation. Paraphrasing the allegation does not answer the interrogatory. Indeed, Newsmax identifies no specific individual and no specific communication. Newsmax must immediately answer the interrogatory and, if it is unable to do so, explain its good-faith basis for the allegations in the Complaint. Should Newsmax fail to do so, Fox reserves its rights to seek relief from the Court, including preclusion of related factual material.

**Interrogatory No. 6:** This interrogatory asks Newsmax to detail the basis for its allegation in Paragraph 57 of the Complaint, which is a specific factual allegation about a specific distributor. Newsmax states that it "understands" that Fox leveraged sports programming to require inclusion of the Fox News Channel in Fubo's Sports/News package while excluding Newsmax from that package, "based on conversations with industry participants." Similar to Interrogatory No. 5, Newsmax's response is nothing more than a paraphrasing of its Complaint, and an unacceptable interrogatory response. Newsmax is obligated to identify the individuals who provided this

April 3, 2026
Page 4

information and the substance of what was communicated. *See* Fed. R. Civ. P. 33(b). Newsmax must: (1) identify by name each person with whom Newsmax had conversations forming the basis for the Paragraph 57 allegation; (2) state the date, form, and substance of each conversation; and (3) state whether any current or former Fubo employees or representatives are among the "industry participants" referenced, and, if so, identify each such person (including, if applicable, David Gandler).

**Interrogatory No. 7:** This interrogatory asks Newsmax to describe in detail the basis for its allegation that Fox used "smear intimidation tactics against its competitors." Newsmax cross-references Complaint ¶¶ 63–66 and the Amended Complaint in *Tantaros v. Fox News Network, LLC*, No. 1:17-cv-02958 (S.D.N.Y.). That *Tantaros* complaint contained unproven allegations concerning Fox's purported treatment of Ms. Tantaros, its former on-air talent. Newsmax does not identify anything in the *Tantaros* complaint concerning supposed intimidation "against [Fox's] competitors." Newsmax must immediately identify the factual basis—if any—apart from the complaint in *Tantaros* for the allegation in paragraph 95 of Newsmax's Complaint, as Interrogatory 7 requests. Further, even with respect to the complaint in *Tantaros*, the response is deficient because it does not "describe in detail" the basis for Newsmax's allegation as required. Newsmax must: (1) explain the relevance of *Tantaros* to Fox's alleged competitive intimidation of Newsmax specifically; (2) identify any supposed smear or intimidation tactic; and (3) if Newsmax has no basis for its allegation in Paragraph 95, explain how Newsmax has a good faith basis to make this allegation.

**Interrogatory No. 8:** This interrogatory asks that Newsmax describe in detail its allegation that certain Fox carriage agreements contain "unfair 'drag-down' provisions." Newsmax references hearing transcripts from *FuboTV Inc. v. Walt Disney Co.* (S.D.N.Y.) and states that Sling informed Newsmax it could not move Newsmax from its News Extra tier to base packages. The Sling disclosure is deficient because it lacks basic factual detail—it does not identify who at Sling communicated this, when, or in what form. The hearing transcript citations are improper and non-responsive because they shift the burden to Fox to comb another case's record rather than stating Newsmax's own factual basis for its allegations. *See French*, 2010 WL 2643385, at *1 ("It is not the defendant's duty to sift through an expert report in an attempt to glean the information sought in the interrogatory."); *see also* Fed. R. Civ. P. 33(b). Newsmax must: (1) identify the individual(s) at Sling who communicated the tier restriction and the date and form of each communication; (2) state Newsmax's understanding of the specific Fox contractual provisions it contends impose such restrictions, rather than cross-referencing third-party hearing transcripts or generally alluding to those materials without specificity or support for Newsmax's allegations; and (3) identify any other distributors that communicated similar tier restrictions.

**Interrogatory No. 9:** This interrogatory requests that Newsmax describe each instance in which it was foreclosed from distribution or was otherwise required to pay for distribution. Newsmax

April 3, 2026
Page 5

identifies only two distributors: (1) Hulu, which met with Newsmax from 2017 to 2021 and then ceased communications until 2025; and (2) YouTube TV, which expressed interest in April 2022 and then delayed negotiations until an agreement was reached in September 2024.  The response does not address the business justification provided to Newsmax by the distributors, nor does it address the costs of foreclosure or lost revenue.  Newsmax must: (1) state the business justification provided by distributors associated with foreclosures or paid distribution requirements; (2) confirm whether the response is complete or whether additional distributors will be identified; (3) identify the costs incurred by Newsmax in connection with those foreclosures or paid distribution requirements; and (4) identify the associated revenue that Newsmax contends it would have earned in the absence of foreclosure or paid distribution requirements.

**Interrogatory No. 10:** This interrogatory asks Newsmax to identify information supporting its definition of the relevant markets.  Newsmax defines the product market as "Right-leaning Pay TV News" and the geographic market as the United States, cross-referencing Complaint ¶¶ 27–43, 68–78 and its motion-to-dismiss opposition at pages 9–26.  Cross-referencing briefing is not a substitute for a sworn interrogatory response identifying the underlying facts supporting the market definition.  *See French*, 2010 WL 2643385, at *1 (instructing that references to other litigation materials "does not constitute a proper response to an interrogatory."); *see also* Fed. R. Civ. P. 33(b).  Newsmax must identify all facts, documents, and analyses supporting its definition of the relevant markets for its antitrust claims, or Fox will seek to preclude Newsmax from relying on information not disclosed in the response to Interrogatory No. 10.

## II.     REQUEST FOR PRODUCTION DEFICIENCIES

### A.     RFP No. 34.

Fox's RFP No. 34 requests all documents and communications relating to the consideration, selection, recruitment, and appointment of David Gandler to serve on the board of Newsmax, Inc.  Instead of agreeing to search for and produce relevant materials, Newsmax only agreed to meet and confer to narrow the scope of this request—even though its Complaint and discovery responses repeatedly rely on and cite the *Fubo* litigation.  Although Fox will agree to meet and confer, there appears to be no good faith basis to narrow this request, which seeks plainly relevant information, and any attempt to narrow appears to be an effort to avoid producing responsive materials.

The relevance of discovery related to David Gandler is clear from Newsmax's own filings and public disclosures.  Fubo settled an antitrust lawsuit against Fox, Disney, and Warner Bros. Discovery on January 6, 2025.  Six months later, on August 21, 2025, Newsmax announced the appointment of Fubo co-founder and CEO Mr. Gandler to its Board of Directors.  Thirteen days later, on September 3, 2025, Newsmax filed an antitrust action against Fox in the U.S. District Court for the Southern District of Florida.  The Complaint in the instant action specifically pleads

April 3, 2026
Page 6

Fox's negotiations with Fubo as a basis for its claims. *See* Compl. ¶¶ 57–58. Newsmax's own interrogatory responses confirm this: in response to Interrogatory No. 6, Newsmax states it "understands" that Fox leveraged sports programming to require Fox News inclusion in Fubo's Sports/News package while excluding Newsmax, "based on conversations with industry participants."

Gandler's appointment to the Newsmax Board immediately before this lawsuit was filed (and after Fubo had sued Fox), combined with Newsmax's reliance on Fubo-related allegations as a core basis for its claims, makes documents and communications involving Gandler directly relevant to at least two critical issues: **(1) antitrust injury**—whether and to what extent Newsmax's December 19, 2025 assertion that Gandler had "no knowledge" of the claims and no involvement in their development is accurate, including what information, if any, was communicated to or by him before or after joining the Board, and what information was provided to or by him prior to his vote approving the filing of the lawsuit; and **(2) the genesis and factual basis for Newsmax's claims**—whether Newsmax's contention that its allegations are based solely on "public sources" and "general discussions" with "industry participants," and not on any information from Gandler, is complete and accurate. Fox is entitled to discovery concerning Gandler's role in the instant litigation, so that it may test Newsmax's assertions that he was not involved. Newsmax's objection to the contrary are baseless.

There is no basis for Newsmax to withhold documents and communications requested by RFP No. 34. Additionally, to the extent that Newsmax's general objections rely on attorney-client privilege or work product doctrine, no such privilege would exist before Gandler was appointed to Newsmax's board. Fox is willing to meet and confer concerning this topic and others, but any narrowing of this request is impermissible and without merit.

### B. Newsmax's Responses Subject to Conducting a "Reasonable Search."

Newsmax has agreed to produce documents for all RFPs—except for No. 34—"to the extent any such documents exist and are located after a reasonable search." Fox reserves all rights concerning its First Set of Requests for Production of Documents, particularly since it is yet to be determined what Newsmax considers a "reasonable search." Additionally, Fox reserves all rights to demand that Newsmax remedy other discovery-related deficiencies outside of those listed above.

### III. CONCLUSION

Fox requests that Newsmax supplement its responses and objections to Fox's First Set of Interrogatories and Requests for Production in view of the deficiencies noted above. Please let us know your availability to meet and confer on April 10. To the extent the parties are unable to resolve these deficiencies, Fox reserves its rights to seek appropriate relief from the Court.

April 3, 2026
Page 7

Sincerely,

*/s/ Ronald K. Anguas, Jr.*

Ronald K. Anguas, Jr.

cc:       Counsel of record