# Exhibit D

# PAUL
# HASTINGS

1 (202) 551-1872
ronaldanguas@paulhastings.com

April 16, 2026

**VIA EMAIL**

Michael J. Guzman
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
mguzman@kellogghansen.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
jgregor@gklaw.com

Re:     *Newsmax Broadcasting, LLC v. Fox Corporation, et al*,
        Case No. 3:25-cv-770-WMC (W.D. Wis.)

Dear Counsel:

        We write on behalf of Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox") to respond to Plaintiff's statement made during the parties' April 9, 2026, meet and confer that it will move to compel if Fox does not produce its carriage agreements this week. Consistent with Fox's March 23, 2026 Responses and Objections to Plaintiff's First Set of Requests for Production and Plaintiff's First Set of Interrogatories, Fox reiterates that it anticipates producing its top 10 carriage agreements by subscriber count soon. More specifically, in the interest of moving discovery forward expeditiously and avoiding needless motion practice, Fox will commit to make such a production by the end of this month, subject to Newsmax's performance of its own discovery obligations set forth below.

        The production of carriage agreements raises significant practical and commercial complexities, which Fox is working diligently to navigate. As you are aware, Fox's relationships with its distributors are of high commercial importance, and the agreements themselves contain highly sensitive and confidential commercial information. Fox needs time to ensure that it

**PAUL**
**HASTINGS**

Michael J. Guzman
Jennifer L. Gregor
April 16, 2026
Page 2

appropriately manages its relationships with its distributors.  Fox also needs time to do the same work preparing the agreements for production that, based on prior representations, Newsmax undertook.  Specifically, your colleagues represented that Newsmax had not yet produced its carriage agreements when we met and conferred because it was continuing to review them to ensure the agreements were complete and ready to be produced.

Before Fox produces its carriage agreements, Fox expects Newsmax to provide information that is at least as central to this case—and as readily accessible to Newsmax as Newsmax claims these agreements are to Fox.  Fox will produce its top 10 carriage agreements by the end of this month if Newsmax timely amends its discovery responses to provide full and complete responses to Fox's interrogatories asking for the facts and evidence underlying certain allegations in Newsmax's Complaint.  Newsmax cannot refuse to answer simple interrogatories asking for the basis for specific allegations in the Complaint—information that was necessarily already known to Newsmax and to counsel who signed the Complaint at the time it was filed—and, based on that Complaint, simultaneously demand production of Fox's most competitively sensitive materials.

As made clear in our April 3 letter and discussed on April 9, Plaintiff's Responses and Objections to Fox's First Set of Interrogatories ("Interrogatory Responses") are grossly deficient. In response to interrogatories seeking the basis for certain allegations in the Complaint, Newsmax's Interrogatory Responses improperly fail to provide any basis whatsoever for the allegations and instead merely cross-reference paragraphs in the Complaint or merely rephrase allegations in the Complaint.  In their current state, Newsmax's responses create the impression that Newsmax had no basis whatsoever for certain factual assertions made in the Complaint.

Newsmax's response to Fox's Interrogatory No. 5, which asks Plaintiff to identify each individual who communicated that carriage was denied, delayed, or adversely tiered because of Fox, and to identify specific communications, is one of the more egregious examples.  Newsmax's response indicates that Newsmax is aware of Fox using "gentlemen's agreements" restricting its carriage "based on general discussions with industry participants" but wholly fails to identify any specific individuals.

Newsmax similarly fails to provide any basis for other allegations in the Complaint.  For example, Newsmax's response to Fox's Interrogatory No. 6, which asks Newsmax to describe the basis for its allegation in Paragraph 57 of the Complaint, once again vaguely refers to

**PAUL**
**HASTINGS**

Michael J. Guzman
Jennifer L. Gregor
April 16, 2026
Page 3

"conversations with industry participants" and refuses to provide any further information, namely the nature of the conversations, when they occurred, and who was involved. *See* Interrogatory Response Nos. 3 and 4 (referring to "Complaint at Paragraph[ ] 57"). Newsmax repeats this pattern in responding to Fox's Interrogatory Nos. 7 and 8. In "support" of Newsmax's basis for its allegations in Paragraphs 95 and 101 of the Complaint, Newsmax points to unsubstantiated allegations in other complaints or vague references to agreements that are not specific to Fox or the distributors named in the Complaint. Newsmax has not provided any meaningful basis for alleging that Fox has particular drag-down provisions in, for example, its carriage agreement with Fubo or Hulu+-, despite alleging those facts in a public complaint. *See* Complaint ¶ 101. The "evidence" Newsmax points to in the Interrogatory Response does not support this allegation. Newsmax must provide the basis for its purported knowledge of the terms of Fox's carriage agreements with these distributors.

Newsmax only recently authored its Complaint and necessarily has knowledge of the factual basis, if any, for its allegations. Fox is entitled to this information to develop its defense in discovery. Fox may, for instance, wish to depose the particular "industry participants" who are the purported sources for many of Newsmax's critical allegations. Plaintiff's refusal to provide this information is unjustifiable and unfairly prejudices Fox's ability to prepare its defense.

Fox requests that Newsmax amend its Interrogatory Responses to identify the underlying sources of the allegations for its Complaint, including by naming specific individuals, or confirm that it has no additional information beyond that described in its Interrogatory Responses, by no later than Monday, April 27, 2026.

Assuming that, by April 27, Newsmax has amended its Interrogatory Responses adequately to provide full and complete responses regarding the information underlying the Complaint's allegations, Fox will produce carriage agreements with its top 10 distributors by subscriber count by the end of the month. As we explained to you on April 9, Fox's top 10 carriage agreements represent approximately 95% of Fox subscribers, meaning that these top 10 agreements cover the vast majority of the market.



Michael J. Guzman
Jennifer L. Gregor
April 16, 2026
Page 4

       Fox will follow up separately on other issues discussed during the meet and confers, including other documents that Fox is preparing to produce, and requests that Plaintiff do the same. Fox reserves all rights.

Sincerely,

*/s/ Ronald K. Anguas, Jr.*

Ronald K. Anguas, Jr.

cc:     Counsel of record