**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-80467-EA**

NEWSMAX BROADCASTING, LLC,

*Plaintiff,*

v.

FOX CORPORATION and
FOX NEWS NETWORK, LLC,

*Defendants.*

**PLAINTIFF'S MOTION TO EXTEND CASE DEADLINES**

Plaintiff Newsmax Broadcasting, LLC ("Newsmax"), by and through its undersigned counsel, respectfully moves the Court for an order extending by nine months the case deadlines reflected in the Court's May 5, 2026 Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (hereinafter, the "Scheduling Order"). Dkt. 80.

As explained in more detail below, good cause exists for a nine-month extension. The parties have raised numerous disputes with the Court, the resolutions of which will determine the scope and timing of fact and expert discovery in this case. Allowing the existing case deadlines to continue to govern while those disputes remain pending would create an undue risk that the clock will run out on central merits discovery before Newsmax has a fair and reasonable opportunity to seek the documents and information necessary to prove its case. The Court should remove that risk and put this case on a revised schedule that reflects the case's current posture and complexity.

## I. Procedural History

Newsmax initiated this action in the Western District of Wisconsin on September 11, 2025. Dkt. 1. While the case was pending in the Western District of Wisconsin, Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox") moved to transfer the case to this Court, Dkt. 9, and to dismiss Newsmax's operative Complaint, Dkt. 30. Fox also moved to stay all discovery pending resolution of those motions. Dkt. 35. On January 22, 2026, the Western District of Wisconsin denied Fox's motion to stay discovery. Dkt. 43 at 23:6-7 (Tr. of Telephonic Preliminary Pretrial Conference (Jan. 13, 2026)). The parties then proceeded with the early stages of discovery, and Newsmax produced its carriage agreements on April 15, 2026.

On April 23, 2026—while Fox's motion to dismiss remained pending and discovery was kicking off—the Western District of Wisconsin transferred the case to this Court. Dkt. 56. By that point, the parties had reached an impasse on what are arguably the most material set of documents in this case: Fox's carriage agreements and associated communications, which Newsmax alleges contain a suite of contractual barriers intended to prevent Newsmax and others from competing against Fox in the market for the distribution of right-leaning pay TV news to U.S. consumers. On May 7, 2026, Newsmax moved to compel Fox to produce those agreements. Dkt. 100. Newsmax's motion is fully briefed.

The next day, on May 8, 2026, Fox refiled its still-outstanding Motion to Dismiss. Dkt. 101. That same day, Fox also filed a renewed motion to stay discovery pending resolution of its motion to dismiss. Dkt. 102. Then, on May 11, 2026, Fox moved to compel Newsmax to respond to certain interrogatories. Dkt. 104. All three of Fox's motions are fully briefed.

Most recently, on July 9, 2026, Newsmax moved for leave to file a First Amended Complaint. Dkt. 127. Fox has not yet responded to the motion.

**II. Argument**

Good cause exists to extend the case deadlines reflected in the Scheduling Order by nine months, because the outcomes of the disputes currently pending before the Court will determine the scope and timing of merits discovery in this complex antitrust action.

This case challenges Fox's use of carriage terms and related leverage to foreclose distribution of Newsmax and other right-leaning news channels, and Fox's agreements governing its carriage relationships with distributors are the most direct evidence of the terms that Fox has imposed in the marketplace. *See* Dkt. 100 at 5. But Fox has refused to produce those agreements and related correspondence, requiring Newsmax to file a motion to compel Fox to obtain them. *See id.* While that motion remains pending, Newsmax is left in the dark as to the core contractual documents in this case—documents that Newsmax first requested over five months ago and that will largely dictate the course of its fact and expert discovery.

The current case schedule does not reflect the de facto stay of discovery that Fox has granted itself. For example, the Scheduling Order requires the parties to "exchange expert witnesses summaries or reports" by August 3, 2026, Dkt. 80 at 1—less than three weeks from now—even though Fox has not produced key documents that will be highly relevant to an expert's analysis and even though Newsmax has not had a chance to pursue additional fact discovery based on what it learns from those key Fox documents. A nine-month extension of the expert report deadline and other case deadlines will provide Newsmax with a reasonable and fair opportunity to build the record needed to prove its case.

A nine-month extension will also provide the Court and the parties the necessary breathing room to reach orderly resolutions to the sundry disputes that have arisen, including whether Newsmax should be permitted to file a First Amended Complaint, Dkt. 127; whether Newsmax's

Complaint (original or amended) states a claim upon which relief can be granted, Dkt. 101; and whether discovery should be formally stayed pending the Court's review of the sufficiency of Newsmax's operative pleading, Dkt. 102. The current case schedule should reflect the buildup of these gateway issues.

## CONCLUSION

For the reasons set forth above, Newsmax respectfully requests that the Court extend by nine months the deadlines reflected in the Scheduling Order.

**LOCAL RULE 7.1(A)(3) CERTIFICATION**

Counsel for Newsmax certifies that Newsmax has conferred with counsel for Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox") in a good-faith effort to resolve the issues raised in the motion and has been unable to do so. Specifically, Newsmax's counsel emailed Fox on Friday, July 17, 2026 at 7:52 am requesting Fox's position on the requested nine-month extension (and a separate request for a status conference with the Court) and offering to have a call with Fox's counsel to discuss the requests. Counsel for Fox responded on Monday, July 20, 2026 at 10:13 pm stating that they were considering the requests. On Tuesday, July 21, 2026 at 7:52 am, counsel for Newsmax emailed counsel for Fox asking for a phone call to discuss the requests and asking for Fox's counsel's availability that day. Fox's counsel did not respond. Therefore, at 9:59 pm that same day counsel for Newsmax reached out again to Fox's counsel to ask for a phone call and requested counsel's availability the following day. On Wednesday, July 22, 2026 at 10:34 am, Fox's counsel responded that they were conferring with their client that day and would respond after speaking with their client. At 4:53 pm that same day, Fox's counsel communicated that Fox would oppose both the requested extension and the request for a status conference. After receiving that email, counsel for Newsmax attempted to call Fox's counsel to further discuss, but was unable to connect with Fox's counsel. At 5:10 pm, Newsmax's counsel emailed Fox's counsel to let them know that Newsmax's counsel had attempted to reach them by telephone and that Newsmax's counsel remained available to discuss by phone.

Dated: July 23, 2026

Respectfully submitted,

*s/ Daniel E. Nordby*
Daniel E. Nordby (FBN 14588)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
Email: dnordby@shutts.com
kreardon@shutts.com

Michael J. Guzman (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
Email: mguzman@kellogghansen.com

*Counsel for Plaintiff Newsmax Broadcasting, LLC*