**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-80467-EA**

**NEWSMAX BROADCASTING, LLC,**

*Plaintiff*,

v.

**FOX CORPORATION AND FOX NEWS NETWORK, LLC,**

*Defendants*.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Newsmax Broadcasting, LLC ("Newsmax") filed suit in this Court on September 3, 2025—330 days ago. Now, nearly a full year into the case, Newsmax seeks to move the litigation back to the starting gate yet again, after dismissing it, refiling the case in another jurisdiction, getting transferred back and hit with a judicial finding of "judge[] shopping," and teetering on the brink of a fully briefed dispositive motion to dismiss. The Court should exercise its discretion and deny amendment.

Last September, Judge Aileen Cannon of this Court dismissed Newsmax's complaint as an impermissible "shotgun pleading" and directed Newsmax to replead. Instead of correcting the identified deficiencies as ordered, Newsmax abandoned its claims in this Court and, hours later, refiled a materially identical suit teeming with the same pleading deficiencies in the Western District of Wisconsin. That gamesmanship resulted in months of unnecessary litigation before the Wisconsin court transferred the case back to this district in April 2026, admonishing Newsmax for "engag[ing] in forum (or at least judge) shopping." Dkt. 56 at 6.

Now, with a motion to dismiss by Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox") fully briefed for almost six months and ripe for resolution, Newsmax pulls from the same playbook. Newsmax's two-page "Motion for Leave to File First Amended Complaint" ("Motion") seeks leave to file an amended complaint that Newsmax admits "does not materially alter the core theory of [its] case." Dkt. 127 at 1. Taking Newsmax at its word, the proposed amendment changes nothing material to the deficiencies identified in Fox's pending motion to dismiss. Newsmax's only stated rationale for amending—that the transfer more than three months ago necessitated "replacing Wisconsin-law claims with Florida-law claims," *id.*—is nonsense. Nothing about the transfer requires Newsmax to bring claims under a different State's law. And the Florida claims Newsmax now seeks leave from this Court to revive are the *same claims* it pleaded in the original complaint filed in this District, then voluntarily (and needlessly) abandoned when it took this case on a dilatory forum-shopping detour to Wisconsin.

An amendment that concededly does nothing to rectify Newsmax's glaringly defective claims serves only one purpose: to waste the parties' and the Court's resources by forcing Fox and the Court to start from scratch more than eight months after Fox filed its motion to dismiss and nearly six months after it was fully briefed. Unable to defend its complaint as pleaded, Newsmax hopes to stave off a dismissal with prejudice for a few more months while it presses for discovery of Fox's commercially and competitively sensitive carriage agreements. Neither Rule 15 nor Eleventh Circuit precedent authorizes such gamesmanship. The Motion should be denied.

**BACKGROUND**

Newsmax asks this Court to find that amendment is justified by presenting a procedural history that begins in Wisconsin in mid-September 2025 and omits that this litigation actually originated in this Court on September 3, 2025. *Newsmax Broad., LLC. v. Fox Corp.*, No. 25-cv-81091-AMC (S.D. Fla. Sept. 3, 2025), Dkt. 1. Judge Cannon dismissed that complaint as an

impermissible "shotgun pleading," affording Newsmax one opportunity to replead. *Id.*, Dkt. 9 at 1–2. Newsmax did not replead. Instead, on the deadline established by Judge Cannon, Newsmax voluntarily dismissed its suit under Rule 41(a)(1) and filed a new complaint in the Western District of Wisconsin. Dkt. 1. That new complaint exchanged Newsmax's Florida statutory antitrust claims for Wisconsin analogues, *see id.* ¶¶ 108–34, and added block-booking claims, *id.* ¶¶ 99–107, but was otherwise materially identical. In response to Newsmax's blatant forum-shopping, Fox moved to transfer the case back to the District Newsmax had attempted to evade. Dkt. 9.

While the Wisconsin court considered the motion to transfer, Fox moved to dismiss the complaint under Rule 12(b)(6) on November 25, 2025. Dkt. 30 (refiled, Dkt. 101). Newsmax declined to exercise its right to amend within 21 days of that motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, after obtaining a nearly four-week extension, Newsmax opposed the motion to dismiss on the merits. *See* Dkt. 40 (refiled, Dkt. 105). Underscoring the strength of Fox's motion to dismiss, Newsmax's opposition "voluntarily withdr[e]w" two of the complaint's six counts—the "causes of action for block-booking under federal and state law." *Id.* at 43. Fox then filed a 32-page reply addressing Newsmax's remaining arguments. *See* Dkt. 44 (refiled, Dkt. 106). The motion to dismiss has been fully briefed since February 11, 2026. *See id.*

On April 23, 2026, the Wisconsin court granted Fox's motion to transfer, finding that Newsmax's Rule 41 dismissal and immediate re-filing in Wisconsin constituted "judge[] shopping"—specifically, an effort to avoid proceeding before Judge Cannon. Dkt. 56 at 3. The Court further found that Newsmax had "merely recast its Florida state law claims under Wisconsin's analogous statutes," and that Newsmax had offered "no good reason for filing suit" in Wisconsin. *Id.* at 6–7. The Parties refiled their pending motion-to-dismiss briefing in this court.

Dkt. 101, 105, 106. On May 8, 2026, Fox moved to stay discovery pending resolution of its motions to dismiss. Dkt. 103. Both motions remain pending.

On July 9, 2026—a full *77 days* after the Wisconsin court's transfer order—Newsmax sought leave to file a First Amended Complaint. *See* Dkt. 127. The Motion's substantive discussion spans a mere two pages and cites one case. *Id.* at 1–2. It states that Newsmax "initiated this action in the Western District of Wisconsin on September 11, 2025," *id.* at 1, without mentioning the case's origin in this District. Newsmax represents that its proposed amendment "does not materially alter the core theory of Newsmax's case" and instead "largely conform[s] the pleading to this forum and applicable Eleventh Circuit and Florida law, including by replacing Wisconsin-law claims with Florida-law claims." *Id.* It asserts—without explanation—that amendment "will not prejudice Defendants, require a new schedule, or change the nature of the dispute." *Id.* at 2. Newsmax offers nothing else to support a conclusion that "justice so requires" the proposed amendment. Fed. R. Civ. P. 15(a)(2).

**ARGUMENT**

Newsmax's two-page Motion comes nowhere close to establishing Newsmax's entitlement to amend its defective complaint nearly a year into this litigation. Newsmax offers no valid reason why amendment is necessary, no explanation for its excessive delay, and no justification for the substantial prejudice that amendment would cause Fox. Each failure independently warrants denial.

**A. Newsmax Lacks Any Legitimate Justification for Amending Its Complaint.**

Newsmax is not entitled to file an amended complaint when it cannot explain why its proposed amendments are necessary. Amendment under Rule 15 is not, as Newsmax appears to assume, a matter of right. District courts have "extensive discretion to decide whether or not to allow a party to amend a complaint" under Rule 15(a)(2). *Campbell v. Emory Clinic*, 166 F.3d

1157, 1162 (11th Cir. 1999) (internal quotation marks and citation omitted). Newsmax "bears the burden of establishing [its] entitlement" to that relief—particularly where, as here, "there has been such a long and seemingly unjustified delay." *In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014). A motion for leave to amend, like any motion, "must set forth with particularity the relief or order requested and the grounds supporting the application." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1485; *see* Fed. R. Civ. P. 7(b).

Newsmax has not carried that burden. Its two-page Motion admits that the "proposed First Amended Complaint does not materially alter the core theory of Newsmax's case." Dkt. 127 at 1. Rather, Newsmax's sole justification for seeking leave to amend is to "conform the pleading to this forum . . . including by replacing Wisconsin-law claims with Florida-law claims." *Id.* That is no justification at all. No rule requires a plaintiff to change the substantive state law governing its claims after a forum transfer; a change of venue is "but a change of courtrooms." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Newsmax could have pleaded Florida antitrust claims in Wisconsin, just as it can pursue Wisconsin claims in this Court. *See Palm v. Taurus Int'l Mfg., Inc.*, No. 21-cv-23489, 2022 WL 18776091, at *5 (S.D. Fla. Apr. 27, 2022) (holding that "[b]oth this Court and the District Court in Indiana can competently apply Indiana law"); *Mirasco, Inc. v. Ghaly*, No. 1:17-cv-00289-SCJ, 2017 WL 4890540, at *4 (N.D. Ga. May 30, 2017) (holding that "to the extent that Georgia substantive law applies, both Georgia and California district courts are capable of applying [it]"). Newsmax voluntarily abandoned its Florida claims as part of its forum-shopping strategy.[1] No Wisconsin court forced Newsmax to substitute Wisconsin law, and

[1] Newsmax's proposed Florida-law claims are the exact same claims pleaded in Newsmax's original complaint filed in this District. *Compare Newsmax Broad., LLC. v. Fox Corp.*, No. 25-cv-81091-AMC (S.D. Fla. Sept. 3, 2025), Dkt. 1, ¶¶ 93–94, 95–96, 97–104, *with* Dkt. 127-1, ¶¶ 114–122, 123–130, 131–140.

Newsmax identifies no reason that the Wisconsin court's later decision to send the case back would justify reviving its Florida claims now.

Courts in this Circuit routinely deny such "perfunctory" motions that fail to provide a valid basis for amending a complaint. *See Streaminn Hub Inc. v. Gayle*, No. 18-24684, 2020 WL 4501801, at *1 (S.D. Fla. May 11, 2020) (denying leave to amend where the motion merely "restate[d] the general premise that 'leave shall be freely given when justice requires'"); *NBIS Constr. & Transp. Ins. Servs., Inc. v. Liebherr-Am., Inc.*, No. 8:19-cv-2777-AAS, 2021 WL 2551629, at *4 (M.D. Fla. June 22, 2021) (denying leave when "plaintiff failed to offer sufficient justification" for delay in seeking amendment); *Wells v. Xpedx*, No. 8:05-cv-2193-T-EAJ, 2007 WL 1362717, at *2 (M.D. Fla. May 7, 2007) (denying leave to amend when the movant "offer[ed] no justification for the failure to promptly seek leave to file an amendment" and no explanation for how the facts underlying the proposed amendments "differ from the information set forth in the complaint"). At a minimum, the movant must "identify any new allegations that would make amendment worthwhile." *United States v. HPC Healthcare, Inc.*, 723 F. App'x 783, 793 (11th Cir. 2018). Newsmax identifies none. To the contrary, according to Newsmax, the proposed amendments change nothing of significance. A motion that concedes its own immateriality cannot establish that "justice . . . requires" leave to amend. Fed. R. Civ. P. 15(a)(2).

**B. Newsmax's Undue Delay Requires Denying Leave To Amend.**

Newsmax also "offer[s] no good reason" for its many months of delay in seeking leave to amend after Fox filed its motion to dismiss last November. *Captain Jack's Crab Shack, Inc. v. Cooke*, Nos. 21-11112, 21-11113, & 21-11114, 2022 WL 4375364, at *15 (11th Cir. Sept. 22, 2022) (affirming denial of leave when plaintiff offered no valid explanation for delay in seeking amendment). Courts appropriately deny leave to amend under Rule 15(a)(2) "when the moving

party offers no adequate explanation for a lengthy delay." *In re Engle Cases*, 767 F.3d at 1119. Whether delay is undue turns on "(1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount of time movant delayed in seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings." *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV-MOR, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020). All four factors counsel against granting Newsmax relief here.

*First,* Newsmax's motion does not identify a single material fact or legal theory that Newsmax lacked when it filed its original complaint in this Court in September 2025. The Florida-law claims Newsmax proposes rest on the same theories of liability as the operative complaint's Wisconsin claims—indeed, they are the very same claims Newsmax originally filed in this District and then abandoned by choice. *See* pp. 5-6, *supra*. The proposed amendments also include a handful of quotations from filings in unrelated litigation involving Fox, but those newly cited materials were already available when Newsmax filed its original complaint and arose from litigation that Newsmax was almost certainly following closely. *See, e.g.*, Dkt. 127-2 at 16 ¶ 34 n.29 (citing Smartmatic's Statement of Undisputed Material Facts in Supp. of Its Mot. for Summ. J. ¶ 258, *Smartmatic USA Corp. v. Fox Corp.*, No. 151136/2021 (N.Y. Sup. Ct. filed Aug. 19, 2025)).[2] Newsmax's inability to provide a legitimate explanation for "why [it] [was] unable to

[2] Newsmax does not dispute that it had notice of those materials last fall, nor could it reasonably do so. Indeed, Smartmatic USA Corp. (Smartmatic)—whose filings Newsmax now invokes—holds a substantial equity interest in Newsmax following a 2024 settlement between Newsmax and Smartmatic. *See* Newsmax Inc., Offering Circular (Form 253G1), at 25 (Mar. 7, 2025), https://www.sec.gov/Archives/edgar/data/2026478/000121390025021989/ea0233655-253g1_newsmax.htm (disclosing settlement agreement with Smartmatic requiring Newsmax to pay approximately $40 million and to grant Smartmatic a five-year warrant to purchase 2,000 shares of Series B preferred stock at $5,000 per share); Newsmax Inc., Quarterly Report (Form 10-Q) for the Quarterly Period Ended March 30, 2026, at 16 (May 14, 2026), https://www.sec.gov/Archives/edgar/data/2026478/000202647826000048/nmax-20260331.htm (disclosing that following conversion of preferred stock at Newsmax's March 2025 IPO, Smartmatic now holds a 5-year warrant to purchase 1,333,333 shares of Newsmax Class B

insert the information [and] claims" it seeks "to add in [its] [amended complaint] to prior complaints" supports denial of leave to amend. *Powell v. United States*, 800 F. App'x 687, 700 (11th Cir. 2020).[3]

*Second,* Newsmax inexplicably bypassed repeated opportunities to amend over the past 11 months. Newsmax could have made any of its current allegations when it refiled its case in Wisconsin last September, but offers no explanation for not doing so. Then, after Fox moved to dismiss on November 25, 2025, Newsmax again had 21 days to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Although Fox's motion detailed the numerous glaring defects in the operative complaint, Newsmax let the amendment period lapse and opted instead to defend its complaint as it stood. And after the Wisconsin Court transferred the case back to this District, Newsmax waited 77 additional days to move to amend. Dkt. 80 at 1. That failure to move for leave earlier, despite "notice of the deficient claim[s] . . . and ample opportunity to amend," also evinces undue delay. *Pines Props., Inc. v. Am. Marine Bank*, 156 F. App'x 237, 240 (11th Cir. 2005). The fact that Newsmax filed on the final day for motions to amend pleadings or add parties under the pre-trial schedule, *see* Dkt. 80 at 1, does not eliminate that delay; it merely means that Newsmax need not make an *additional* showing of good cause under Rule 16(b) for failing to comply with the scheduling order. *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (explaining that "where a party files a motion to amend within the time prescribed in the court's scheduling order," the party still must establish compliance with Rule 15(a)).

---

common stock at an exercise price of $7.50 per share, recorded in equity at its March 28, 2025 fair value).

[3] While Newsmax proposes to add a single paragraph describing Fox's recently announced deal to acquire "connected-TV platform" Roku, *see* Dkt. 127-2 at 40 ¶ 80, the Motion does not even mention the Roku deal, let alone explain how it is material to Newsmax's antitrust claims. Newsmax cannot cure this omission in reply. *See* S.D. Fla. L.R. 7.1(c)(1) (a reply must be "strictly limited to rebuttal of matters raised in the memorandum in opposition" and may not supply new grounds that should have appeared in the opening Motion).

*Third,* the Motion never acknowledges Newsmax's delay, much less explains it. The only statement on the Motion's timing asserts—erroneously—that Newsmax sought leave "promptly after the action's transfer to this Court." Dkt. 127 at 2. Seeking amendment two-and-a-half months after transfer is not "prompt." In any event, the Motion says nothing about why Newsmax never sought amendment in the eight months the case was pending in Wisconsin. That lack of explanation likewise evinces undue delay. *See Cernuda v. Neufeld*, No. 05-22728-CIV,2007 WL 9700982, at *1 (S.D. Fla. May 31, 2007) (denying motion for leave to amend when, "without adequate explanation, Plaintiff waited three months before he moved to amend his complaint"). The record instead shows that, during those months, Newsmax elected to defend the operative complaint while pressing for Fox's most commercially sensitive documents—including its carriage agreements—rather than amend its flawed pleading and reinforce Fox's argument that discovery should wait for the Court to resolve the complaint's fatal deficiencies. Newsmax's choice to litigate on that pleading for months—and to press for Fox's most commercially sensitive documents rather than amend—further confirms that its choice was strategic and that permitting amendment now is not something "justice so requires."

*Finally,* Newsmax's Motion comes nearly a year into this litigation, and nearly six months after Fox's motion to dismiss was fully briefed. That posture, too, cuts in favor of denying leave to amend. *MSP Recovery Claims, Series LLC v. Northland Ins. Co.*, No. 20-cv-24176, 2022 WL 2341158, at *7 (S.D. Fla. June 16, 2022) (denying leave to amend where motions to dismiss were fully briefed).

"[P]arties seeking the benefit of [Rule 15(a)(2)'s] liberality have an obligation to exercise due diligence." *Quaker State Oil Refin. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989). Because Newsmax "had ample opportunities to amend" but "inexplicably waited a very

long time to do so," granting leave would not serve the interests of justice. *Hester v. Int'l Union of Operating Eng'rs. AFL-CIO*, 941 F.2d 1574,1578 (11th Cir. 1991).

**C. Granting Leave Would Reward Newsmax's Gamesmanship, Prejudice Fox, and Waste Court Resources.**

Permitting Newsmax to amend also would unjustly prejudice Fox. Fox's motion to dismiss has been fully briefed since February 11, 2026, and Newsmax knows a potentially case-dispositive adverse ruling may come at any time. *See* Dkts. 30, 40, 44 (refiled, Dkts. 101, 105, 106). A new complaint would (by design) forestall that ruling by mooting Fox's pending motion to dismiss, forcing Fox to expend substantial resources preparing an entirely new round of briefing. *See Major v. Ramsey*, No. 17-21160, 2018 WL 6019349, at *1 (S.D. Fla. Nov. 16, 2018) (holding that a new operative complaint moots pending motions to dismiss challenging the prior complaint).[4] That result is unjust regardless of the content of Newsmax's proposed amendments—but it is particularly egregious given that Newsmax does not even argue that its amendments will address any of the defects identified in Fox's motion.

Newsmax's course of conduct also shows remarkable disregard for this Court's limited time and resources. As discussed above, Newsmax had repeated opportunities to amend the operative complaint at earlier stages of this case but instead chose to stand by it in the face of Fox's motion to dismiss. Now, after the Court has already devoted time and resources to that submitted motion, Newsmax wants to require Fox and the Court to start all over again.

---

[4] As numerous courts in this Circuit have recognized, a defendant who unsuccessfully opposes a plaintiff's motion for leave to amend remains free to move to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6). *See, e.g.*, *United States v. Health Mgmt. Assocs., Inc.*, 2013 WL 12077815, at *2 (S.D. Fla. Mar. 1, 2013) ("[G]ranting of a motion for leave to amend does not preclude a motion to dismiss the subsequent amended complaint[.]").

Just last year, the Eleventh Circuit affirmed a district court's denial of leave to amend in similar circumstances. In *Huggins v. School District of Manatee County*, 151 F.4th 1268 (11th Cir. 2025), the Eleventh Circuit held that the plaintiff's proposed amendment would unduly prejudice defendants when the plaintiff failed to "identify any way that the [proposed amended complaint] would alter the outcome of any claim against any Defendant," while "granting leave would also have mooted" the pending motions to dismiss and caused Defendants "to expend further time and resources to invoke [their defenses] again." *Id.* at 1286. Here too, Newsmax should not be permitted to restart an eleven-month-old case by proposing amendments that solve none of the underlying issues but would necessitate an entirely new round of motion-to-dismiss briefing.

Permitting amendment also would reward Newsmax for a pattern of gamesmanship that impugns the integrity of the litigation process. This is not the first time Newsmax has sought to reset the scoreboard when an adverse decision looms. When Judge Cannon dismissed Newsmax's complaint as a shotgun pleading and afforded it one week to replead, Newsmax—a counseled plaintiff entitled to "only one chance to replead," *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020)—decamped for Wisconsin to preserve its repleading opportunity for another day. The Wisconsin court ultimately rejected Newsmax's "judge shopping" and transferred the case back to this District, Dkt. 56 at 6, but Newsmax's gambit had the desired effect of dragging out the litigation and forestalling a quick decision on the sufficiency of its original complaint. It also enabled Newsmax to press aggressively for one-sided discovery—including demands for Fox's competitively sensitive carriage agreements—while threshold deficiencies in its pleading lingered.

The impetus for this second attempted reset is similar. When Fox served contention interrogatories in Wisconsin asking Newsmax to identify the bases for its central allegations—including those involving "drag-down" provisions and coordinated conduct with distributors—Newsmax could not provide any good-faith support for many of the factual allegations in its complaint. *See* Dkt. 54 (refiled Dkt. 104) (describing Newsmax's inadequate responses). Newsmax's proposed amendments now reflect a transparent attempt to avoid responsibility for its still-unsupported assertions, watering them down with "on information and belief" qualifiers and other hedging modifications that go unmentioned in the Motion.[5] Its strategy is clear: unable to defend its allegations as currently pleaded, Newsmax hopes to avoid judicial scrutiny of those allegations while buying itself additional time to fish in discovery for something that might plausibly support a claim.

That tactic is indefensible. As Fox's pending motion to stay discovery explains, facial challenges to a complaint "should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see* Dkt. 103 at 2. If this Court allowed Newsmax's proposed amendments, it would be necessary to stay any further discovery until the

[5] *Compare* Dkt. 1 ¶ 82 *with* Dkt. 127–1 ¶ 97 (adding "on information and belief" to qualify allegation that Fox "us[ed] oral 'gentlemen's agreements'" to conceal unlawful restraints); *compare* Dkt. 1 ¶ 56 *with* Dkt. 127-1 ¶ 61 (deleting allegation that "Fox successfully blocks competitors by coercing pay TV operators," and adding "on information and belief" qualifier to allegation that Fox threatened financial penalties); *compare* Dkt. 1 ¶ 61 *with* Dkt. 127-1 ¶ 68 (adding "information and belief" qualifier to allegation that Fox's insistence on restrictive contract provisions caused the delay in Newsmax securing carriage by Mediacom); *compare* Dkt. 1 ¶ 52 *with* Dkt. 127-1 ¶ 61 (changing allegation that Fox's carriage agreements contain "restrictions that block channels" to "restrictions that ***effectively*** block channels"); *compare* Dkt. 1 ¶ 58 *with* Dkt. 127-1 ¶ 67 (changing allegation that Hulu+ was "prohibited from" carrying Newsmax due to "restrictive tiering agreements dictated by Fox" to allegation that it was "***effectively*** prohibited from doing so"); *compare* Dkt. 1 ¶ 60 *with* Dkt 127-1 ¶ 71 (eliminating the word "contractual" from allegation that Fox "hobble[d] OAN's growth" through "***contractual*** agreements that prevented OAN from being considered by major cable systems").

Court had ruled on a renewed motion to dismiss under Rule 12(b)(6). Doing so, however, would derail the case schedule completely. Currently, discovery is set to close in January 2027 and trial is set for April 2027. Dkt. 80 at 1–2. By the time the parties completed a new cycle of motion-to-dismiss briefing and the Court was able to rule, it would be impossible to meet those deadlines. That alone warrants denial of leave. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (holding leave was properly denied where amendment "would have produced more attempts at discovery [and] delayed disposition of the case").[6]

Allowing Newsmax to amend *without* granting a stay of discovery would be even worse. In that scenario, discovery would churn forward for months based on a pleading full of unfounded "information and belief" allegations before this Court could rule on a Rule 12(b)(6) motion, rewarding Newsmax for its eleventh-hour substitution of a new operative complaint. And in either scenario, Fox would have wasted resources on allegations Newsmax no longer stands behind as originally pleaded.

Rule 15 does not countenance "bad faith, dilatory tactics," *In re Engle Cases*, 767 F.3d at 1119; *Foman v. Davis*, 371 U.S. 178, 182 (1962)—including leveraging amendment to avoid an adverse ruling on a pending dispositive motion after extensive, unexplained delay. *See Andrx Pharms., Inc. v. Elan Corp.,* 421 F.3d 1227, 1236–37 (11th Cir. 2005) (holding denial of leave was not an abuse of discretion when the plaintiff sought amendment "to avoid the court's grant of [defendant's] motion for judgment on the pleadings," filed a year earlier, and plaintiff lacked "explanations for its delay"). As the Wisconsin court aptly recognized, Newsmax's procedural

---

[6] Tellingly, while the Motion represents that "[t]he proposed amendment will not . . . require a new schedule," Motion 2, Newsmax subsequently moved on July 23, 2026 for a *nine-month* extension of the case deadlines, citing the Motion for Leave to File First Amended Complaint. *See* Dkt. 137 at 2–3.

rights "do[] not in the least permit [its] attorneys to abuse the judicial process." Dkt. 56 at 6 (quotation omitted). District courts act well within their discretion when they "decline[] to accommodate" such "tactical decision[s]." *Powell*, 800 F. App'x at 700. Newsmax has already maneuvered to avoid an unfavorable decision once, resulting in substantial delay and unnecessary waste of Fox's and the Court's time and resources. The Court should not permit a repeat.

**CONCLUSION**

Newsmax's Motion for Leave to File First Amended Complaint, Dkt. 127, should be denied.

DATED: July 30, 2026

Respectfully submitted,

Paul T. Cappuccio (*pro hac vice*)
Patrick F. Philbin (*pro hac vice*)
Cody L. Reaves (*pro hac vice*)
**TORRIDON LAW PLLC**
801 17th Street NW, Suite 1100
Washington, DC 20006
Telephone: 202.249.6900
pcappuccio@torridonlaw.com
pphilbin@torridonlaw.com
creaves@torridonlaw.com

*/s/ Paul C. Huck, Jr.*
Paul C. Huck, Jr. (Florida Bar No. 968358)
Jason Gonzalez (Florida Bar No. 146854)
Joshua Webb (Florida Bar No. 51679)
Thomas Bardenwerper (Florida Bar No. 1044458)
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
Telephone: (850) 825-4334
paul@lawsonhuckgonzalez.com
jason@lawsonhuckgonzalez.com
josh@lawsonhuckgonzalez.com
thomas@lawsonhuckgonzalez.com

Michael F. Murray (*pro hac vice*)
Benjamin W. Snyder (*pro hac vice*)
Ronald K. Anguas, Jr. (*pro hac vice*)
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700
michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

Christopher M. Kise (Florida Bar No. 855545)
Lazaro P. Fields (Florida Bar No. 1004725)
**CONTINENTAL PLLC**
215 South Monroe Street, Ste. 750
Tallahassee, FL 32301
Telephone: 850.270.2211
ckise@continentalpllc.com
lfields@continentalpllc.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing to all counsel of record.

*<u>/s/ Paul C. Huck, Jr.</u>*
Paul C. Huck, Jr. (Florida Bar No. 968358)
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
Telephone: (850) 825-4334
paul@lawsonhuckgonzalez.com