**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-80467-EA**

NEWSMAX BROADCASTING, LLC,

*Plaintiff,*

v.

FOX CORPORATION and
FOX NEWS NETWORK, LLC,

*Defendants.*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

In opposing Newsmax's timely motion for leave to file a First Amended Complaint, Fox downplays the consequences of its own strategic decisions in this litigation. Fox moved to transfer this case from the Western District of Wisconsin to this Court and got what it wanted. After the transfer, this Court entered a case schedule that included a deadline for motions to amend pleadings. Newsmax timely made its first motion to amend its Complaint to reflect the operative forum, as well as clarify certain allegations. It is the first time in this litigation that Newsmax has sought leave to amend its Complaint, and Newsmax moved for leave by the Court's deadline for so moving. Contrary to Fox's remonstrances, Newsmax timely sought leave to amend, its basis for amendment is reasonable, and Fox will not be prejudiced by the proposed amendment. The Court should grant Newsmax's motion.

## ARGUMENT

### I. Newsmax Timely Moved for Leave To Amend

While it spends much of its motion insisting that Newsmax waited too long to seek leave to amend, *see* Opp. at 6-10, Fox scarcely mentions a critical piece of the timeline: the Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (the "Scheduling Order"), Dkt. 80. On May 5, 2026—shortly after Judge Conley of the Western District of Wisconsin granted Fox's motion to transfer and transferred the case to this Court on April 23, 2026—the Court entered the Scheduling Order, which set a July 9, 2026 deadline for "[a]ll motions to amend pleadings." *Id.* at 1. Fox never moved to alter or amend that deadline, or otherwise suggest that the deadline would prejudice it in any way.

Consistent with the Scheduling Order, on July 9 Newsmax moved for leave to file a First Amended Complaint. Dkt. 127. As courts in this District and elsewhere have held, there is no undue delay where a party moves for leave "within the time period the Court set for the deadline to amend." *Stone Tech. (HK) Co., v. GlobalGeeks, Inc.*, 2020 WL 6334409, at *3 (S.D. Fla. Oct. 29, 2020); *Havana Docks Corp. v. Carnival Corp.*, 2020 WL 6290159, at *3 (S.D. Fla. Oct. 27, 2020) (same); *see also, e.g.*, *Alonso v. School Bd. of Collier Cnty., Fla.*, 2018 WL 9617244, at *2 (M.D. Fla. Dec. 28, 2018) (declining to find undue delay where plaintiffs complied with the Court's amended case schedule, even though the case had been filed over two years ago and even though the plaintiffs had learned about certain facts they sought to add over one year ago); *Sher v. Raytheon Co.*, 2010 WL 11507785, at *2 (M.D. Fla. Feb. 22, 2010) (declining to find undue delay because the plaintiffs "acted in compliance" with the case schedule, even though they sought amendment "two months before the discovery deadline and more than a year and a half after the litigation began").

All of the cases Fox cites to support its undue-delay argument involve cases where the litigation was dramatically more advanced than this one. And none of them involve a proposed amendment filed within the operative deadline for amendment. *See Captain Jack's Crab Shack, Inc. v. Cooke*, 2022 WL 4375364, at *15 (11th Cir. Sept. 22, 2022) (affirming denial of motion for leave involving a third amended complaint that would have added new claims almost four years after filing the case); *In re Engle Cases*, 767 F.3d 1082, 1108-20 (11th Cir. 2014) (affirming denial of motion for leave in hundreds of cases where plaintiffs' counsel sought to amend four years after filing in order to substitute in plaintiffs based on information that had long been available to plaintiffs' counsel and that only came to light after the court demanded the information); *Smith v. School Bd. Of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (affirming denial of motion for leave involving a second amended complaint where the plaintiff moved for leave more than one year after the court's deadline for such motions and after the defendant had moved for summary judgment); *Pines Props., Inc. v. American Marine Bank*, 156 F. App'x 237, 240-41 (11th Cir. 2005) (affirming denial of motion for leave that was filed twenty-six months after discovery had closed and twenty-three months after the defendant's summary judgment motion was granted).[1]

---

[1] *See also Powell v. United States*, 800 F. App'x 687, 700 (11th Cir. 2020) (affirming denial of motion for leave involving a third amended complaint where the plaintiffs sought to add detail that they could have added to their prior amendments, but made a "tactical" decision not to do so); *Hester v. International Union of Operating Eng'rs. AFL-CIO*, 941 F.2d 1574, 1577-79 (11th Cir. 1991) (affirming denial of motion for leave where the plaintiff had previously amended and where the plaintiff waited years "after first being put on notice" of deficiencies before seeking amendment); *Quaker State Oil Refin. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517-18 (1st Cir. 1989) (affirming denial of motion for leave involving a fifth counterclaim where the amendment was "out of time," "virtually all discovery had been undertaken or at least noticed," "[t]he facts upon which the proposed counterclaim rested were known to defendant all along," and "plaintiff was obliged to move for summary judgment within three weeks"); *MSP Recovery Claims, Series LLC v. Northland Ins. Co.*, 2022 WL 2341158, at *7-8 (S.D. Fla. June 16, 2022) (denying motion for leave where the plaintiff had already amended its complaint twice in response to motions to dismiss and where the case "ha[d] been pending for nearly two years yet remain[ed] at the pleading stage"), *report and recommendation adopted*, 2022 WL 3042265 (S.D. Fla. Aug. 1, 2022); *Yule v.*

## II. Newsmax's Basis for Amendment is Reasonable

Newsmax's motion offers a valid and reasonable basis for amendment: to "conform the pleading to this forum and applicable Eleventh Circuit and Florida law," Dkt. 127 at 1, and to clarify certain factual allegations, *id.* at 2. For example, Newsmax's amendment removes allegations concerning the parties' operations in the Western District of Wisconsin and adds allegations concerning their operations in this District, *see* Dkt. 127-2 at 4, 6, 7; clarifies the allegations concerning the Right-leaning Pay TV News Market and Fox's domination of it, *see id.* at 9-22; and replaces Wisconsin-law claims with Florida-law claims, *see id.* at 55-63. Far from being "nonsense" (Opp. at 2), it is logical and predictable that Newsmax would want to amend its pleading post-transfer to, among other things, assert Florida law claims before a Florida court. *See Delta Sigma Theta Sorority, Inc. v. Bivins*, 2014 WL 7273913, at *3 (M.D. Fla. Dec. 19, 2014) (finding it "reasonable" for the plaintiff to "replace" D.C.-law claims "with counts under Florida common and statutory law" after transfer from the D.C. federal district court); *see also Ferreyros v. Cox Operating LLC*, 2024 WL 1241961, at *1-2 (S.D. Ala. Mar. 22, 2024) (concluding that granting a post-transfer motion to amend is in "the interests of justice" where the plaintiff sought to "clean up the pleading, by correcting the caption . . ., by clarifying certain factual statements . . ., and by correctly asserting the basis for" jurisdiction and venue). Moreover, the proposed amendment will help this Court resolve any motion to dismiss by providing the facts relevant to forum and venue in Florida.

---

*Ocean Reef Cmty. Ass'n*, 2020 WL 5216993, at *4 (S.D. Fla. Sept. 1, 2020) (denying motion for leave where the plaintiff had "declined on at least 3 separate occasions" to exercise her rights under Rule 15(a) and "twice declined to seek the Court's leave," and where the plaintiff sought leave "only after the Court ruled on the Defendants' motions to dismiss" and "only after all Defendants filed their answers"); *Cernuda v. Neufeld*, 2007 WL 9700982, at *1 (S.D. Fla. May 31, 2007) (denying motion for leave involving a third amended complaint where the plaintiff "waited until four weeks before the close of discovery to move to amend").

Fox asserts that Newsmax "concedes" the "immateriality" of its proposed amendments. Opp. at 6. Not true. Newsmax's motion notes that its "proposed First Amended Complaint does not materially alter the *core theory* of Newsmax's case," Dkt. 127 at 1 (emphasis added). That is not equivalent to asserting that the amendments are immaterial. Moreover, the fact that Newsmax has kept its core theories the same underscores the lack of prejudice to Fox in allowing the First Amended Complaint: the fundamental nature of the case will remain the same.

The cases Fox cites to argue against the sufficiency of Newsmax's motion for leave actually show why the motion should be granted. For example, in *United States v. HPC Healthcare, Inc.*, 723 F. App'x 783 (11th Cir. 2018), the plaintiff failed to "set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Id.* at 796 (quoting *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)). Here, Newsmax did both, explaining in its motion what the amendments are and attaching both a clean copy of the proposed First Amended Complaint and a redline comparing the proposed First Amended Complaint to the Complaint. Dkts. 127, 127-1, 127-2. And in *Streaminn Hub Inc. v. Gayle*, 2020 WL 4501801 (S.D. Fla. May 11, 2020), the plaintiff failed to explain in its motion for leave "why justice require[d] th[e] Court to grant leave—not once—but for a second time during the course of this litigation," and why it "waited over thirteen months" to seek leave to add certain information. *Id.* at *1. Here, by contrast, Newsmax moves for leave for the first time in this litigation and by the Court's deadline for seeking leave, and in its motion Newsmax explains why it is seeking to amend now and why leave should be given. Dkt. 127. Fox's remaining cases fare no better.[2]

---

[2] *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial of motions for leave that "were filed more than one year after discovery had ended, after dispositive motions had been filed, and between five-and-six years after the lawsuits were begun"); *NBIS Constr. & Transp. Ins. Servs., Inc. v. Liebherr-Am., Inc.*, 2021 WL 2551629, at *4 (M.D. Fla. June 22, 2021) (concluding that the plaintiff did not meet the amendment requirements under Rule 15 to substitute

## III. Fox Will Not Be Prejudiced

Lastly, Fox will not be prejudiced by Newsmax's proposed amendment. The case is still in its early stages; Fox has not produced a single document (and has been fighting tooth and nail to keep it that way for as long as possible, *see* Dkt. 102).[3] Additionally, while Fox makes much of the fact that it has already moved to dismiss Newsmax's currently operative pleading, *see, e.g.*, Opp. at 10-11, 13, Fox itself cites case law underscoring that defendants do not experience undue prejudice if a plaintiff moots a pending motion to dismiss by complying with a court deadline for filing an amended complaint—exactly what Newsmax did. *See id.* at 10 (citing *Major v. Ramsey*, 2018 WL 6019349, at *1 (S.D. Fla. Nov. 16, 2018) (crediting evidence that the plaintiff attempted to comply with the court's deadline for filing an amended complaint and concluding that, "[w]ith a new complaint in place, the Defendants' motions to dismiss are now moot")). Fox also cites *United States v. Health Management Associates, Inc.*, 2013 WL 12077815 (S.D. Fla. Mar. 1, 2013), *see* Opp. at 10 n.4, in which a court recounts allowing plaintiffs to file a *fourth* amended complaint *after* granting a motion to dismiss their prior complaint, which necessitated another motion to dismiss, 2013 WL 12077815 at *1. If there was no undue prejudice in that situation, there is certainly none here.

---

in a new party plaintiff, because "[t]he plaintiff failed to offer sufficient justification for why it could not have named" the new party plaintiff "until over fifteen months after filing this action and well beyond case management deadlines" and the defendant would be prejudiced because it had already "conducted discovery assuming" the plaintiff was the correct party plaintiff); *Wells v. Xpedx*, 2007 WL 1362717, at *2 (M.D. Fla. May 7, 2007) (denying motion for leave to add claims for punitive damages where the motion was filed "five days before the close of discovery" and "offer[ed] no justification for the failure to promptly seek leave to file an amendment").

[3] Contrary to Fox's suggestion (Opp. at 13 n.6), it is Fox's discovery stonewalling—not the proposed amendment—that necessitated Newsmax's motion to extend the case deadlines. Dkt. 137.

Fox's protestations regarding the impact of the amendment on its pending motion doubly fall flat in light of Fox's argument that the amendment would "solve none of the underlying issues" with that complaint. Opp. at 11. While Newsmax disputes that there are any "issues" with the Complaint, *see* Dkt. 105, if Fox believes the amendment has the same supposed deficiencies, then Fox can simply stand on its existing motion to dismiss or spend minimal effort adjusting that motion to the amendment. There is no prejudice, undue or otherwise, associated with that.

Fox's lead case for arguing undue prejudice, *Huggins v. School District of Manatee County*, 151 F.4th 1268 (11th Cir. 2025), *see* Opp. at 11, underscores the types of circumstances—none of which are present here—where undue prejudice exists. There, the plaintiff had already amended his pleadings once, the proposed changes were "minimal" and "immaterial," and further amendment "would have mooted five then-pending motions to dismiss" invoking qualified immunity, *id.* at 1286, which is an immunity not only from liability, but also "'an immunity from suit' that grants [public] officials 'an entitlement not to stand trial or face the other burdens of litigation,'" *Miller v. Palm Beach Cnty. Sheriff's Off.*, 129 F.4th 1329, 1333 (11th Cir. 2025) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Here, Newsmax has not previously amended its Complaint (and moved for leave to amend by the deadline set by the Court); the proposed changes are substantive, involving conforming the pleading to this Court, replacing Wisconsin law with Florida law, and clarifying certain factual allegations (material changes even if the core theory of Newsmax's case remains the same); and Fox is not entitled to any special solicitude from facing the standard burdens of litigation, including responding to a First Amended Complaint.

Fox makes much throughout its Opposition of the fact that Newsmax is "press[ing]" Fox to produce its carriage agreements. Opp. at 11; *see also id.* at 9.[4] That is unsurprising and unexceptional: the Western District of Wisconsin denied Fox's motion to stay discovery despite Fox's pending motion to dismiss, making clear that the pleading and discovery stages of the case will move in tandem. Dkt. 43 at 23:6-7.[5] This Court has the same preference. *See Echevarria v. Expedia Grp. Inc.*, 2025 WL 3496164, at *1 (S.D. Fla. Dec. 4, 2025). That is why Newsmax has already produced its carriage agreements to Fox.

Fox, on the other hand, has refused to produce not only its own carriage agreements, but also all other documents responsive to Newsmax's discovery requests—essentially grinding discovery to a halt and impeding this case from moving forward. *See* Dkt. 137 (Newsmax explaining the impact of the de facto stay of discovery Fox has granted itself).[6] That circumstance—which Fox has created—further bolsters the reasonableness of allowing Newsmax's amendment. Unlike *Maynard v. Board of Regents*, 342 F.3d 1281 (11th Cir. 2003)—

[4] Fox also asserts that the motion for leave is simply to buy time to seek discovery of Fox's carriage agreements, Opp. at 2, implying that Newsmax is using this litigation to gain an improper business advantage. The Court should disregard that ungrounded and false speculation. This litigation is aimed at holding Fox accountable for its unlawful conduct to suppress competition in the market for right-leaning pay TV news. *See* Dkt. 1 (currently operative complaint); Dkt. 127-1 (proposed First Amended Complaint). Moreover, assuming Fox properly designates those agreements pursuant to the Stipulated Protective Order, Dkt. 45—a protective order that Fox heavily negotiated—Newsmax employees will never see those agreements. Indeed, that is the very purpose of a protective order. *See Harrisonville Tel. Co. v. Illinois Com. Comm'n*, 472 F. Supp. 2d 1071, 1077 (S.D. Ill. 2006) ("The purpose of the provisions of Rule 26 governing protective orders is to facilitate discovery by shielding from disclosure trade secrets and other confidential business information, thereby encouraging parties apprehensive about the disclosure of such information to cooperate in discovery.").

[5] In its Opposition, Fox continues its quest to convince the Court to reconsider the denial of a stay of discovery. *See* Opp. at 12-13. Fox has filed a separate motion seeking that relief, Dkt. 102, to which Newsmax has already responded, Dkt. 110. Newsmax will not reargue that issue here.

[6] Newsmax agrees with Fox that discovery to date has been "one-sided," Opp. at 11—in Fox's favor.

which Fox cites (Opp. at 13) and which involved a plaintiff "mov[ing] for leave to amend his complaint on the last day of the extended discovery period," 342 F.3d at 1286—discovery in this case has barely begun, meaning that the parties have not spent meaningful time and resources pursuing discovery on Newsmax's currently operative pleading. To the extent that Fox believes that amendment would change its discovery strategy, Fox has ample time to adjust. *See Beheer v. ASAP Installations, LLC*, 2010 WL 2431922, at *2 (M.D. Fla. June 16, 2010) (concluding that, because the case was "in its early stages" and the defendants had "ample time . . . to gather the information necessary to make their case," the defendants were unlikely to experience undue prejudice from granting an amendment).[7]

Fox also erroneously asserts that Newsmax is "leveraging amendment to avoid an adverse ruling on a pending dispositive motion." Opp. at 13. Newsmax continues to stand on the sufficiency of its Complaint and on its "core theory"—which Newsmax "does not materially alter"—but seeks to amend to "promote efficient adjudication by ensuring that Newsmax's operative pleading reflects the governing forum and Newsmax's clarified allegations." Dkt. 127 at 1, 2. That sets this case apart from *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227 (11th Cir. 2005), on which Fox relies. Opp. at 13. In that case, the Eleventh Circuit held that the district court properly denied a motion for leave to where the amendment "attempt[ed] to inject a new theory of recovery" more than one year after the plaintiff had been put on notice that its existing theory was "insufficient." 421 F.3d at 1236-37.

[7] The court in *Beheer* also noted that "extensive discovery [was] not needed for the proposed additional claims because they involve the same facts and evidence" that appeared in the operative complaint. 2010 WL 2431922, at *2. While Newsmax has clarified certain allegations, the same basic facts and evidence that underlie Newsmax's claims in its Complaint also underlie Newsmax's claims in its proposed First Amended Complaint. *See* Dkt. 127-2 (redline). Thus, as compared with the Complaint, the amendment in fact will not require Fox to engage in extensive additional discovery.

Fox's remaining cases are similarly unhelpful to Fox. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court held that it was error for the Court of Appeals to "affirm[] the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint," emphasizing that "the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. And *Automotive Alignment & Body Service, Inc. v. State Farm Mutual Automobile Insurance Co.*, 953 F.3d 707 (11th Cir. 2020) involved impermissible "group allegations"—consolidating twenty-eight plaintiffs together as "Plaintiffs" and eleven defendants together as "Defendants"—that a district court had already given the plaintiffs an opportunity to correct. *Id.* at 732-33. Neither Newsmax's original Complaint nor the proposed First Amended Complaint contains such allegations, and Fox has never argued otherwise.

## CONCLUSION

For the reasons set forth above and in Newsmax's Motion for Leave to File First Amended Complaint, Dkt. 127, Newsmax respectfully requests that the Court grant Newsmax leave to file its proposed First Amended Complaint, Dkt. 127-1.

Dated: August 6, 2026

Respectfully submitted,

*s/ Daniel E. Nordby*
Daniel E. Nordby (FBN 14588)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
Email: dnordby@shutts.com
kreardon@shutts.com

Michael J. Guzman (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
Email: mguzman@kellogghansen.com

*Counsel for Plaintiff Newsmax Broadcasting, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing to all counsel of record.

*s/ Daniel E. Nordby*
Daniel E. Nordby (FBN 14588)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
Email: dnordby@shutts.com