**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-80467-EA**

NEWSMAX BROADCASTING, LLC,

*Plaintiff,*

v.

FOX CORPORATION and
FOX NEWS NETWORK, LLC,

*Defendants.*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR HEARING**

Fox's suggestion that a status conference is "unnecessary," Dkt. 142 at 1, glosses over the impetus of Newsmax's request: the case deadlines reflected in the Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (the "Scheduling Order"), Dkt. 80; and Newsmax's motion to extend those case deadlines, Dkt. 137. Indeed, the most Fox says on Newsmax's motion to extend the case deadlines is speculating that the motion "may be mooted" based on the resolution of certain pending motions filed by Fox. Dkt. 142 at 2. That conjecture is not a sound basis for opposing engagement with the Court on the appropriate cadence of the case, particularly where active discovery deadlines are coming and going and Fox has granted itself a de facto stay of discovery—after being denied a formal one by

the transferor court, Dkt. 43 at 23:6-7—by refusing to produce the key contractual documents that will largely dictate the course of Newsmax's merits discovery, Dkt. 137 at 3.[1]

As Newsmax argued in that motion, the outcomes of the disputes currently pending before the Court will determine the scope and timing of merits discovery in this complex antitrust action and therefore good cause exists to extend the case deadlines reflected in the Scheduling Order. Dkt. 137 at 3. Newsmax believes that a status conference with the Court would be beneficial both for the Court and the parties, as it would allow the parties to directly engage with the Court about the current posture of the case; current roadblocks to, and the anticipated duration needed for, meaningful fact and expert discovery; and the corresponding appropriate duration of an extension, which Newsmax suggests is nine months. *See id.*

For the reasons set forth above and in its Motion for Hearing, Dkt. 139, Newsmax respectfully requests that the Court schedule a status conference with the parties. Moreover, to minimize the burdens and costs on both the Court and the parties, Newsmax respectfully requests that the status conference be held by telephone.

[1] Fox's speculation also ignores the strength of Newsmax's oppositions to Fox's motion to dismiss and renewed motion to stay discovery, Dkts. 105, 110, as well as Newsmax's motion for leave to file a First Amended Complaint, Dkt. 127.

Dated: August 6, 2026

Respectfully submitted,

*s/ Daniel E. Nordby*
Daniel E. Nordby (FBN 14588)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
Email: dnordby@shutts.com
kreardon@shutts.com

Michael J. Guzman (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
Email: mguzman@kellogghansen.com

*Counsel for Plaintiff Newsmax Broadcasting, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing to all counsel of record.

*s/ Daniel E. Nordby*
Daniel E. Nordby (FBN 14588)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
Email: dnordby@shutts.com