IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA

CASE NO. 26-CV-80467-EA

NEWSMAX BROADCASTING, LLC,

   *Plaintiff*,

 v.

FOX CORPORATION AND FOX NEWS
NETWORK, LLC,

   *Defendants*.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND CASE DEADLINES**

Eleven days before the August 3, 2026 expert disclosure deadline—and nearly a year after this case was first filed in this court—Plaintiff Newsmax Broadcasting, LLC ("Newsmax") asked this Court to extend every deadline in this case by nine months. It did so through a Motion to Extend Case Deadlines ("Motion") which failed to include the required affidavit or any discussion of the single factor Rule 16(b)(4) renders dispositive: Newsmax's own diligence. The Motion should therefore be denied at the threshold because it is both untimely under the Scheduling Order and procedurally deficient under the Local Rules.

Newsmax's Motion fares no better on the merits. Newsmax first seeks to justify its extraordinary request by pointing to the parties' pending motions, including Defendants Fox Corporation and Fox News Network, LLC's (collectively, "Fox") Motion to Dismiss. But a pending, fully briefed, and potentially dispositive motion to dismiss is a reason to ***stay discovery***— not prolong it. In fact, Fox already sought a stay of discovery, *see* Dkt. 102, and Newsmax

1

vigorously opposed it, relying on positions completely irreconcilable with those it now maintains, *see* Dkt. 110. Newsmax's inconsistent positions confirm that its motivation is gamesmanship and nothing more.

Newsmax's second argument—that Fox has "refused" to produce its carriage agreements—is simply false. In its March 23, 2026 discovery responses, Fox agreed to produce the core agreements covering roughly 95% of its pay-TV subscribers. It expressly offered to produce those agreements to Newsmax by April 30, 2026, asking only that Newsmax commit to a date for supplementing its deficient responses to interrogatories seeking the factual basis for certain allegations in the operative complaint. Newsmax refused, moved to compel production of the carriage agreements, and still has not supplemented its interrogatory responses as of this filing. The delay Newsmax laments is delay Newsmax created.

The overreach of Newsmax's Motion confirms its underlying motive. The Motion identifies a single deadline Newsmax claims it cannot meet, yet seeks a nine-month extension of the entire schedule. It does so because its true object is deferral of Fox's Motion to Dismiss while discovery grinds on, in the hope of obtaining Fox's most competitively sensitive agreements before Newsmax's deficient pleading is ever tested. Recent developments after Newsmax filed its Motion eliminate any doubt on that score: on July 29, Fox offered to consent to an extension of the August 3, 2026 expert disclosure deadline—the only deadline Newsmax's Motion specifically targets—if Newsmax would agree to keeping the remainder of the schedule intact. Ex. A to Decl. of Ronald Anguas. Newsmax refused. On July 31, Fox told Newsmax that if it would agree to a stay of discovery pending a decision by this Court on the sufficiency of the operative complaint, Fox would agree to an extension of the case schedule in the (unlikely) event that the case is allowed to proceed past the pleading stage. Ex. B to Decl. of Ronald Anguas. Newsmax refused that offer

2

as well, and notified Fox that it intended to request a hearing on its Motion to Compel Fox's Carriage Agreements and Associated Communications—a motion it filed well over three months earlier.  Ex. C to Decl. of Ronald Anguas.  Those refusals cannot be squared with the reasoning in Newsmax's Motion, and evince tactical opportunism, not good cause.  The Motion should be denied.

I.   **BACKGROUND**

Newsmax's Motion—like the recent Motion for Leave to File First Amended Complaint, Dkt. 127—selectively omits key events demonstrating Newsmax's history of dilatory tactics. Newsmax did not, for example, "initat[e] this action in the Western District of Wisconsin."  Mot. at 2.  Newsmax initiated this action in *this Court* on September 3, 2025, and the very next day, Judge Cannon sua sponte dismissed the original complaint as an impermissible "shotgun pleading."  *Newsmax Broad., LLC v. Fox Corp.*, No. 25-cv-81091-AMC (S.D. Fla. Sept. 3, 2025). Newsmax declined Judge Cannon's offer to re-plead.  Instead, it voluntarily dismissed the action on the deadline to amend its complaint and re-filed a materially identical complaint in the Western District of Wisconsin just hours later.  Dkt. 1.  On April 23, 2026, the Wisconsin Court concluded that Newsmax had "engaged in forum (or at least judge) shopping" and granted Fox's motion to transfer the case back to this Court.  Dkt. 56 at 7.

On November 25, 2025, Fox filed a comprehensive Motion to Dismiss under Rule 12(b)(6) because the complaint is deficient as a matter of law.  Dkt. 30 (re-filed, Dkt. 101).  Newsmax declined to amend as a matter of course under Rule 15(a)(1)(B), and the Motion to Dismiss was fully briefed by February 11, 2026.  Dkts. 40 (re-filed, Dkt. 105), 44 (re-filed, Dkt. 106).  Fox also filed a Motion to Stay Discovery pending resolution of its Motion to Dismiss, Dkt. 35—which Newsmax vigorously opposed, Dkt. 39.  On January 13, 2026, the Wisconsin magistrate judge

denied Fox's Motion to Stay Discovery on the ground that "stays are generally disfavored in *this* district," while declining to opine on the merits and acknowledging that Fox nonetheless "could win the day" on its Motion to Dismiss.  Dkt. 43 at 5–6 (emphasis added).

Although discovery opened on December 22, 2025, (*see* Dkt. 37 at 1), Newsmax waited over a month to serve Fox with its First Set of Requests for Production.  Dkt. 108-1.  Those requests, served on February 11, 2026, were patently overbroad and unduly burdensome, demanding "[a]ll" of Fox's carriage agreements since January 1, 2013, "including all amendments, renewals, side letters, schedules, exhibits, appendices, and attachments," and "[a]ll Communications with any Distributor concerning carriage of [Fox's] Channels."  Dkt. 108-1 at 11.  Fox objected on those grounds, but nonetheless agreed to produce the carriage agreements that Newsmax alleges are most relevant and material to its claims: agreements with Fox's Top 10 Distributors—which account for approximately 95% of Fox's U.S. pay-TV subscribers—for the limitations period applicable to Newsmax's claims (September 2021 to September 2025), "subject to reaching an agreement with [Newsmax] on reasonable search parameters (*i.e.*, custodians and search terms)."  Dkt. 108-3 at 10.  Fox also asked that Newsmax agree to supplement its deficient responses to certain of Fox's interrogatories, which merely asked for the factual bases of Newsmax's claims.  *See* Dkt. 55-4.  Notably, those February 11 document requests—along with a set of interrogatories served the same day—remain the only discovery Newsmax has pursued in this case.  In the more than seven months since discovery opened, Newsmax has not served any other written discovery or noticed any depositions.  Decl. of Ronald Anguas, ¶ 5.

After an extensive meet-and-confer process, described in detail in Fox's Opposition to Newsmax's Motion to Compel Fox's Carriage Agreements and Associated Communications, (*see* Dkt. 107 at 3–4), Fox agreed to produce its agreements with the Top 10 Distributors—as originally

4

promised—by April 30, if the parties proceeded on a coordinated discovery schedule and Newsmax supplemented its deficient interrogatory responses by the same date. *Id.* at 4. Newsmax refused and instead filed its Motion to Compel Fox's Carriage Agreements and Associated Communications. Dkt. 51 (refiled, Dkt. 100). To date, Newsmax has not supplemented its interrogatory responses.

Following the transfer to this Court, the Parties refiled their pending motion-to-dismiss and motion-to-compel briefing in this court. Dkts. 101, 105, 106 (Fox's Motion to Dismiss); Dkts. 100, 107, 113 (Newsmax's Motion to Compel); Dkts. 104, 106, 120 (Fox's Motion to Compel). On May 8, 2026, Fox filed a new Motion to Stay Discovery pending resolution of its Motion to Dismiss, relying on Eleventh Circuit precedent. Dkts. 102, 103. Again, Newsmax opposed a stay of discovery, urging that "[a] stay would . . . disrupt this Court's schedule," referencing the August 3, 2026 expert disclosure deadline, the January 29, 2027 close of discovery, and the April 19, 2027 trial date. Dkt. 110 at 2. Newsmax's Opposition to Fox's Motion to Stay Discovery also claimed "significant and ongoing harm[s]" purportedly flowing from Fox's conduct, including "lost business opportunities, stunted growth, and reputational damage," that would be "worsen[ed]" by any "[f]urther delay" of this lawsuit. *Id.* at 17.

On July 9, 2026—a full ***77 days*** after the Wisconsin court's transfer order— Newsmax sought leave to amend its complaint. Dkt. 127. In its two-page Motion for Leave to File First Amended Complaint, Newsmax asserted that granting leave to amend "will not prejudice Defendants, ***require a new schedule***, or change the nature of the dispute." *Id.* at 2 (emphasis added). Only 14 days later, Newsmax filed the instant four-page Motion, which seeks a nine-month extension of ***all*** case deadlines based on Newsmax's purported inability to meet the August

3, 2026 expert disclosure deadline—which elapsed before briefing on Newsmax's Motion was complete—and which Newsmax simply disregarded.  Dkt. 137.

Since the Motion's filing, Fox has twice attempted to resolve the parties' dispute, to no avail.  On a July 29, 2026 call, Fox offered to consent to a 30-to-45-day extension of the August 3, 2026 expert disclosure deadline while leaving the remainder of the schedule intact.  Ex. A to Decl. of Ronald Anguas.  Fox made clear that it would consider an even longer extension of the expert disclosure deadline and invited a counteroffer if Newsmax had a different timeline in mind. Newsmax rejected Fox's offer the following day, asserting that even "a 50-60 day extension" of the expert disclosure deadline "would not provide a sufficient amount of time" because "the parties have not conducted the fact discovery that is a prerequisite to expert work," and reiterating its demand that Fox consent to "the nine-month extension of the case schedule."  *Id.*  On July 31, Fox countered that it was "amenable to extending the overall case schedule if Newsmax will agree to a stay of all discovery pending resolution of Fox's motion to dismiss the complaint (and resolution of any motion to dismiss the proposed amended complaint, if leave to file is granted)."  Ex. B to Decl. of Ronald Anguas.  Newsmax refused that offer, and instead informed Fox that it intended to seek a hearing on its Motion to Compel Fox's Carriage Agreements and Associated Communications—a motion Newsmax had filed more than three months earlier.  Ex. C to Decl. of Ronald Anguas.

## II.     LEGAL STANDARD

Modification of a scheduling order requires a showing of "good cause."  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b)).  The touchstone of the "good cause" inquiry is diligence: "If [a] party was not diligent, the [good cause] inquiry should end."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also*

*Howard v. Wilkinson*, No. 6:17-cv-1473-Orl-40GJK, 2019 WL 10855186, at \*1 (M.D. Fla. May 16, 2019) ("Rule 16(b)(4)'s 'good cause' standard is a rigorous one, focusing not on the good faith or the potential prejudice to any party, but rather on the parties' diligence in complying with court-imposed deadlines.").

Accordingly, Newsmax carries the burden of establishing that the current scheduling order "cannot be met" ***despite*** its diligence. *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note); *see also Thurmond v. Bayer Healthcare Pharms., Inc.*, 649 F. App'x 1003, 1005 (11th Cir. 2016) (same). Even then, the Court merely "ha[s] the authority" to grant the requested extension—"it [is] under no obligation to do so." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011). The Eleventh Circuit has "often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Id.*

## III.   ARGUMENT

Newsmax comes nowhere close to satisfying the applicable good-cause standard. At the outset, the Motion is untimely and violates the Court's and this District's rules. And even if the Motion were procedurally appropriate, both of Newsmax's attempts to establish "good cause" fail on the merits: (1) Fox's pending Motion to Dismiss warrants a ***stay*** of discovery, not a schedule modification ***prolonging*** discovery, and (2) any delay in discovery regarding Fox's carriage agreements was caused by Newsmax. Finally, Newsmax offers no justification for a nine-month stay of ***all*** deadlines, and none exists.

### A.   Newsmax's Motion Is Untimely and Procedurally Deficient

Newsmax's Motion fails at the threshold because it is late and violates both this Court's Scheduling Order and the Local Rules. The Court's Scheduling Order requires motions for an

extension to "set forth in detail the basis for such a request" and to "be filed sufficiently in advance of the deadline at issue to permit the Court to consider the motion."  Dkt. 80 at 5–6.  Newsmax satisfied neither requirement.  The Motion was filed on July 23, 2026—a mere 11 days before the August 3 expert disclosure deadline it principally targets.  Under Local Rule 7.1(c)(1), Fox's opposition was not due until August 6—three days *after* that deadline had already passed. Newsmax thus filed a motion that cannot be fully briefed, much less considered, before the deadline it asks the Court to move.[1]  And Newsmax did so without any valid justification: the Court entered the Scheduling Order on May 5, 2026.  Dkt. 80.  Newsmax has therefore known of the August 3 deadline—and of every circumstance its motion invokes—for nearly three months. Indeed, on May 22, 2026, Newsmax cited the very same deadline to this Court as a reason discovery should proceed without interruption.  Dkt. 110 at 14.

Newsmax's four-page Motion also does not "set forth in detail the basis" for the relief sought: it proposes no revised dates, identifies no discovery Newsmax has taken or noticed, and does not explain why it needs *nine months* of additional time, as opposed to a shorter period. Newsmax's Motion also violates the Local Rules, which require requests for continuances of a trial date—relief granted only under "exceptional circumstances"—to be "served and filed at the earliest practical date" and "supported by affidavit setting forth a full showing of good cause." S.D. Fla. L.R. 7.6.  Although Newsmax's requested relief includes delay of the April 2027 trial date, Newsmax filed no affidavit and made no attempt to show exceptional circumstances.  That disregard for this Court's procedural rules itself warrants denial of Newsmax's requested relief. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (denying extension

---

[1] As discussed below, Newsmax chose not to submit anything on the August 3, 2026 expert disclosure deadline.

under Rule 16(b)(4) when movant filed motion to extend the day before the discovery deadline); *SMB Cap., LLC v. Glob. Aerospace, Inc.*, 6:25-CV-292-GAP-LHP, 2025 WL 3469846, at \*1 (M.D. Fla. Dec. 3, 2025) (denying motion to extend case deadlines in part because it was filed the day of the deadline and was therefore "arguably untimely"); *Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024 WL 1254376, at \*3 (S.D. Fla. Mar. 25, 2024) (denying in part motion for continuance due to movants' "fail[ure] to file the required affidavit" under S.D. Fla. L.R. 7.6).

### B. Newsmax Lacks "Good Cause" for Its Requested Nine-Month Extension

The Motion fails equally on the merits. Newsmax cites two justifications for its extension request: (1) the parties' pending motions, and (2) Fox's purported "refus[al]" to produce its carriage agreements. Neither comes close to establishing good cause.

#### 1. The Pendency of a Motion To Dismiss Is Not Good Cause To Extend the Schedule But Rather a Reason To Stay Discovery

Newsmax first argues that the Court should extend the case schedule by nine additional months to create "breathing room" to resolve the motions pending before it—namely, Fox's Motion to Dismiss, Fox's Motion to Stay of Discovery, and Newsmax's Motion for Leave to File First Amended Complaint. But that gets the law exactly backwards. In this Circuit, "[t]he pendency of a dispositive motion does not provide good cause . . . for extending a discovery deadline, particularly in the absence of any argument that Plaintiffs have been diligent in their discovery efforts to date." *SMB Capital, LLC*, 2025 WL 3469846, at \*1; *see also Gillio v. U.S. Bank NA*, No. 6:12-cv-1548-Orl-36TBS, 2013 WL 12387342, at \*2 (M.D. Fla. July 1, 2013) ("Awaiting a decision on the motion to dismiss is not a sufficient reason to extend any of the other deadlines.").

Rather, when a fully briefed motion to dismiss is likely to dispose of claims (or here, the entire case), the proper course is to resolve the motion and stay discovery in the interim. *See*

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim . . . should . . . be resolved before discovery begins."). Fox seeks precisely that relief in its Motion to Stay Discovery. Dkts. 102, 103. But Newsmax vigorously opposes a stay of discovery, taking positions irreconcilable with those it now asserts. For example, in its Opposition to Fox's Motion to Stay Discovery, Newsmax invoked the very deadlines it now seeks to discard as reasons discovery must press forward, Dkt. 110 at 14; warned that "[f]urther delay will worsen" its alleged injuries and risk the loss of evidence, *id.* at 17; and complained that a party "should not be allowed to create delay and then invoke it as good cause for even more delay," *id.* at 14. But the only material change since May stems from *Newsmax's* decision to seek leave to file a first amended complaint *months* after Fox's Motion to Dismiss was fully briefed.

That contradiction demonstrates Newsmax's motives are purely pretextual: if Newsmax truly wanted to afford the Court "breathing room" to resolve "gateway issues," it would have agreed to a stay of discovery. What Newsmax actually seeks is the one configuration the case law forbids: deferral of dispositive motions while discovery proceeds, so that Newsmax can obtain Fox's carriage agreements and "pursue additional fact discovery based on what it learns from those key Fox documents," Mot. at 3, before its baseless claims are dismissed. That tactic is consistent with Newsmax's decision to move for leave to file an amended complaint that, by its own description, "does not materially alter the core theory of Newsmax's case," Dkt. 127 at 1—but would moot Fox's Motion to Dismiss and require renewed Rule 12(b)(6) briefing. It also aligns with Newsmax's refusals to accept Fox's good-faith offers to compromise, including its proposals to (1) agree to an extension of the expert disclosure deadline while leaving other deadlines intact, and (2) consent to an extension of the overall case schedule (if discovery turns out to be necessary) in exchange for a stipulated stay of discovery pending resolution of Fox's Motion to Dismiss. Exs.

10

A, B to Decl. of Ronald Anguas.  Those refusals are inexplicable given that the expert disclosure deadline is the only scheduling date addressed in Newsmax's Motion, and the stay of discovery would achieve the very objectives Newsmax's Motion claims to seek.  Taken together, Newsmax's conduct undercuts any plausible argument that Newsmax can show "good cause" and confirms Newsmax's true object is continued, open-ended discovery while Fox's Motion to Dismiss is pending.  *See Belcher v. Aramark Sports & Ent. Servs., LLC*, No. 3:21-cv-375-MMH-LLL, 2023 WL 3563458, at *2 (M.D. Fla. Mar. 8, 2023) ("Given Aramark's contradictory explanations for not requesting amendment sooner, the Court finds it has not established good cause for amendment under Rule 16.").

### 2. Any Delay in Obtaining Fox's Carriage Agreements Was Caused By Newsmax Itself

Newsmax also argues an extension is warranted because Fox's "refus[al]" to produce carriage agreements has left it "in the dark as to the core contractual documents in this case." Mot. at 3.  As an initial matter, that statement effectively concedes that Newsmax did not have a legitimate basis to bring its complaint in the first place.  Regardless, the premise is false and refuted by the record.  Fox has not refused to produce its carriage agreements.  As set forth in Fox's Opposition to Newsmax's Motion to Compel Fox's Carriage Agreements and Associated Communications, Fox's March 23, 2026 responses and objections took precisely the opposite position: Fox agreed to produce carriage agreements with its Top 10 Distributors for the September 2021 to September 2025 period, along with non-privileged distributor communications for the same period.  Dkt. 107 at 3–4; Dkt. 108-3 at 10.  Fox simply asked that Newsmax agree to supplement its deficient responses to Fox's interrogatories in parallel.  Dkt. 107 at 2, 4.  Because Newsmax apparently lacks any factual basis for the allegations in its complaint, it refused to comply.

Over the weeks that followed, the parties exchanged letters and met by videoconference twice, and Newsmax acknowledged that Fox's Top 10 production was "an appropriate starting point." *Id.* at 4.  On April 16, Fox reiterated that it anticipated producing the Top 10 agreements "by the end of this month" so long as Newsmax agreed to timely amend its interrogatory responses, *id.* (quoting Dkt. 108-5 at 1), and on April 20 Fox confirmed there was no impasse: Fox would produce the agreements by April 30 if Newsmax would agree to supplement its interrogatory responses by the same date. *Id.*  Newsmax refused to commit to any deadline and instead moved to compel. *Id.*; Dkt. 100.  As of this filing, Newsmax has *still* not supplemented its interrogatory responses.

If Newsmax had simply agreed to a deadline for supplementing its interrogatory responses—a deadline for discovery it *already owed*—it would have had the core carriage agreements in hand by at least April 30, 2026, five days *before* this Court even entered the Scheduling Order.[2]  The "de facto stay of discovery" Newsmax decries, Mot. at 3, is therefore a circumstance of its own making.  That conduct precludes any finding of "good cause." *Martinez*, 2024 WL 1254376, at *3 (denying motion for extension when court agreed with defendants that "[a]ny delays in discovery are of Plaintiffs' own doing").  Any finding of diligence is further undercut by Newsmax's other conduct in this litigation.  First, Newsmax has failed to pursue any other avenue of discovery.  Since discovery opened in December 2025 (while the case was pending

---

[2] Newsmax's refusal to supplement its responses to Fox's interrogatories is revealing in its own right. The interrogatories at issue asked Newsmax to do nothing more than state the factual bases for allegations *in its own complaint*—facts that Rule 11 required Newsmax to possess before it filed suit.  Newsmax's position that it cannot identify those facts until it first obtains "designated discovery" from Fox, Dkt. 111 at 4, reveals the fatal flaw in Newsmax's case and the motivation for its attempt to prolong discovery: Newsmax filed allegations it cannot substantiate, and hopes to delay any ruling on Fox's Motion to Dismiss as long as possible in hopes that it can shore up its deficient complaint with something that it finds in discovery before the complaint is dismissed.

in Wisconsin), Newsmax has served exactly one set of document requests and one set of interrogatories—both on February 11, 2026—and has noticed no depositions.  Decl. of Ronald Anguas at ¶ 5.  Newsmax's contention that the Court should grant it nine more months of discovery falls flat given how little it has done to pursue discovery over the last eight.  Second, instead of attempting to comply with the August 3, 2026 expert disclosure deadline while its Motion pended, Newsmax simply engaged in self-help and let the deadline elapse.  Third, Newsmax chose not to request a discovery hearing on its Motion to Compel Fox's Carriage Agreements and Associated Communications, and only now requests one more than ***three months*** after that motion was filed and this case was transferred to this Court.  Ex. C to Decl. of Ronald Anguas.  Because Newsmax has not established its diligence, and indeed the record refutes it, the Motion should be denied.

### C.  Newsmax Provides No Justification for Its Nine-Month Extension Request

Finally, even if Newsmax could show that some modification of the case schedule was warranted, the Motion entirely fails to justify the nine-month extension that Newsmax seeks.  The Motion identifies only ***one*** deadline Newsmax claims it cannot meet: the ***already passed*** August 3, 2026 expert disclosure deadline.  Mot. at 3 ("For example, the Scheduling Order requires the parties to 'exchange expert witness summaries or reports' by August 3, 2026.").  Yet Newsmax requests a nine-month extension of ***every*** deadline in the Scheduling Order—including the January 29, 2027 close of discovery, which is six months away, and the April 19, 2027 trial date, nearly nine months away.  Dkt. 80 at 1–2.  The Motion says nothing about those deadlines.  Newsmax does not even suggest that it cannot complete fact discovery by January 29, 2027 or prepare for an April 2027 trial despite diligent efforts, much less explain why it needs ***nine months*** of additional time.

13

A court in this District recently held that this type of untethered request cannot satisfy Rule 16(b)(4).  In *Martinez*, this Court denied an "extraordinary" request for "***four-month*** extensions of nearly every deadline as well as both the calendar call and the trial" where "the only deadline [the movants] directly express[ed] concern about was" a single upcoming motion deadline.  2024 WL 1254376, at *3 (emphasis added).  Newsmax asks for more than twice the extension requested in *Martinez* on a thinner showing.  The movants in *Martinez* at least "established a steady back and forth among counsel of discovery requests, responses, amendments, objections," *id.* at *2, while Newsmax makes no effort at all to establish its diligence in meeting the case's deadlines.

The disconnect between the problem Newsmax identifies and the relief it demands confirms what Section II.A demonstrates: the request is keyed not to any concrete discovery need, but to the pendency of the motions Newsmax hopes to outlast.  A nine-month continuance of the entire case is not a remedy tailored to address Newsmax's stated grievance, the expert-report deadline.  Rather, it would restructure the litigation in a manner that serves only to facilitate Newsmax's fishing expedition and prolong this meritless case.  The Motion should be denied.

IV.     **CONCLUSION**

Newsmax's Motion to Extend Case Deadlines, Dkt. 137, should be denied.

DATED: August 6, 2026

Respectfully submitted,

Paul T. Cappuccio (*pro hac vice*)
Patrick F. Philbin (*pro hac vice*)
Cody L. Reaves (*pro hac vice*)
**TORRIDON LAW PLLC**
801 17th Street NW, Suite 1100
Washington, DC 20006
Telephone: 202.249.6900
pcappuccio@torridonlaw.com
pphilbin@torridonlaw.com
creaves@torridonlaw.com

Michael F. Murray (*pro hac vice*)
Benjamin W. Snyder (*pro hac vice*)
Ronald K. Anguas, Jr. (*pro hac vice*)
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700
michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

*/s/ Paul C. Huck, Jr.*
Paul C. Huck, Jr. (Florida Bar No. 968358)
Jason Gonzalez (Florida Bar No. 146854)
Joshua Webb (Florida Bar No. 51679)
Thomas Bardenwerper (Florida Bar No. 1044458)
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
Telephone: (850) 825-4334
paul@lawsonhuckgonzalez.com
jason@lawsonhuckgonzalez.com
josh@lawsonhuckgonzalez.com
thomas@lawsonhuckgonzalez.com

Christopher M. Kise
(Florida Bar No. 855545)
Lazaro P. Fields (Florida Bar No. 1004725)
**CONTINENTAL PLLC**
215 South Monroe Street, Ste. 750
Tallahassee, FL 32301
Telephone: 850.270.2211
ckise@continentalpllc.com
lfields@continentalpllc.com

***Attorneys for Defendants***

15

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of

Court using CM/ECF, which will send notification of such filing to all counsel of record.

*/s/ Paul C. Huck, Jr.*
Paul C. Huck, Jr. (Florida Bar No. 968358)
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
Telephone: (850) 825-4334
paul@lawsonhuckgonzalez.com