**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-80467-EA**

NEWSMAX BROADCASTING, LLC,

*Plaintiff,*

v.

FOX CORPORATION and
FOX NEWS NETWORK, LLC,

*Defendants.*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND CASE DEADLINES**

Fox's Opposition confirms that an extension is warranted. Fox still has not produced any of its carriage agreements and related correspondence, and Newsmax's motion to compel Fox to produce those documents remains pending before the Court. Dkt. 100. Newsmax served a request for those documents on February 11, 2026 and then timely moved to compel. While Fox tries to deflect blame from itself for the lack of progress in discovery, it cannot explain away the centrality of its own carriage agreements to this case. *See* Dkts. 1, 105, 127-1. And Fox has had all the Newsmax carriage agreements since April 15, 2026.

Fox does not dispute that Newsmax has diligently sought the carriage agreements by filing a motion to compel (first in April with the Western District of Wisconsin and again in May with this Court); and Newsmax timely moved to extend the case deadlines when it became clear that the existing case schedule was inconsistent with the de facto stay of discovery that Fox has granted itself (after its first motion to stay discovery was denied, Dkt. 43 at 23:6-7; while its renewed

motion to stay discovery is pending, Dkt. 102; and nearly four months after Newsmax produced its own carriage agreements to Fox, Dkt. 110 at 7).

Because good cause exists for a nine-month extension of the case deadlines reflected in the Scheduling Order, Dkt. 80 at 1-2—primarily to allow Newsmax the time needed to engage in appropriate discovery in this complex antitrust action—the Court should grant Newsmax's motion.

## ARGUMENT

### I. Newsmax Complied with the Court's Scheduling Order

Newsmax has moved to extend the case deadlines in compliance with this Court's Scheduling Order. Under the Scheduling Order, "[a]ny motion for a continuance or extension shall," among other things, "be filed sufficiently in advance of the deadline at issue to permit the Court to consider the motion." Dkt. 80 at 6. Newsmax filed its motion on July 23, 2026, which was eleven days before the first deadline that Newsmax sought to extend and far in advance of the remaining deadlines—and Newsmax would have filed even sooner had Fox not taken six days to provide its position on Newsmax's extension request.[1]

None of the cases cited by Fox in support of its untimeliness argument, Opp. at 8-9, come close to showing insufficiency with eleven days—and even longer if one accounts for Fox's delay in providing its position—or that Newsmax has not otherwise been diligent in discovery. *Ashmore v. Secretary, Department of Transportation*, 503 F. App'x 683 (11th Cir. 2013) involved a plaintiff who moved to extend the discovery deadline only "one day before" that deadline and who "had

[1] As Newsmax recounted in its Local Rule 7.1(a)(3) Certification accompanying its motion, Newsmax first reached out to Fox on July 17, 2026 at 7:52 am requesting Fox's position. *See* Young Decl., Ex. A. Fox did not even acknowledge receipt of the request until Monday, July 20, 2026 at 10:13 pm, *see id.*, Ex. B at 1, and did not communicate its position (at the time a firm opposition to Newsmax's allegedly "specious complaint") until Wednesday, July 22, 2026 at 4:53 pm, *see id.*, Ex. C at 1.

not propounded any discovery requests" by that point. 503 F. App'x at 686. Here, not only did Newsmax move a week and a half before the first deadline that Newsmax sought to extend, but Newsmax has been seeking discovery from Fox since February. *See* Dkt. 100 at 2 (describing Newsmax's discovery efforts). Yet in the ensuing six months, Fox has yet to produce a single document in this litigation.

Fox's other cases are no more helpful to its position. *SMB Capital, LLC v. Global Aerospace, Inc.*, 2025 WL 3469846 (M.D. Fla. Dec. 3, 2025) involved a motion to extend a deadline that "was filed at 5:11 p.m." on the day of the deadline, *id.* at *1, which was clearly not the case here. And *Martinez v. D2C, LLC*, 2024 WL 1254376 (S.D. Fla. Mar. 25, 2024) does not address timeliness at all, but instead focuses on diligence, including noting that a party can establish diligence by showing "that opposing counsel . . . somehow thwarted their earnest efforts" to obtain the needed discovery, *Id.* at *2—the exact situation in which Newsmax finds itself, *see* Dkt. 137 at 3.

While Fox faults Newsmax for not bringing the motion sooner, Opp. at 8, Newsmax only brings the motion because Fox has forced its hand. Newsmax does not lightly seek to disrupt the case deadlines reflected in the Scheduling Order, but has been left with no choice in light of Fox's recalcitrance to engage in the discovery process. Fox makes no secret of its continuing insistence that it is entitled to an indefinite stay of discovery, *see, e.g.*, Opp. at 1, 9-10, or its belief that it should not have to engage in the discovery process while its motion to dismiss and renewed motion to stay discovery remain pending, *see* Young Decl., Ex. D at 1 (August 6, 2026 email from Fox's counsel insisting that any hearing on Newsmax's pending motion to compel "should await a decision by Judge Artau on the motion to stay discovery and/or motion to dismiss"); *id.*, Ex. E at 1 (August 11, 2026 email from Fox's counsel arguing the same to Judge Reinhart). If Fox were

engaging in the discovery process in good faith, the motion to extend case deadlines would not have been necessary. Instead, Fox created a situation where the need for the motion was a foregone conclusion.

Fox also faults Newsmax for not providing a Local Rule 7.6 affidavit. Opp. at 8. That rule concerns continuances of trials, pre-trial conferences, and other hearings. It is unlikely that a Local Rule 7.6 affidavit is required in this instance. The Court's Scheduling Order has its own requirements for seeking "Extensions of Time," and makes no mention of an affidavit requirement. Dkt. 80 at 6. Moreover, the object of Newsmax's motion is the set of deadlines reflected in the Scheduling Order, not the trial date itself (although Newsmax acknowledges that the relief it seeks would have a collateral effect on the trial date). And in this instance, an affidavit would simply repeat the substance of the motion. Out of an abundance of caution, however, Newsmax attaches an affidavit to this reply brief that reiterates the points made in its motion. *See* Guzman Aff.[2]

## II. Good Cause Exists for a Nine-Month Extension of the Case Deadlines

As Newsmax explained in its motion, good cause exists to extend the expert report deadline and other case deadlines reflected in the Scheduling Order by nine months, because the outcomes of the disputes currently pending before the Court—specifically, Newsmax's motion to compel Fox to produce its carriage agreements and related correspondence—will determine the scope and timing of merits discovery in this complex antitrust action, and a nine-month extension of those deadlines will provide Newsmax with a reasonable and fair opportunity to build the record needed to prove its case. Dkt. 137 at 3.

[2] The affidavit does not add any points that were not included in the motion. *Compare* Guzman Aff., *with* Dkt. 137. As such, assuming an affidavit is even required in this instance, Fox suffers no prejudice from including the affidavit with this reply brief.

In its Opposition, Fox attempts to shift attention to a different set of motions—its motions to dismiss and to stay discovery, and Newsmax's motion for leave to file an amended complaint—and falsely claims that those motions were the impetus of Newsmax's request and do not justify an extension. *See* Opp. at 9-11.[3] Newsmax's motion does reference those motions, but only as a secondary-level point that the requested extension will "also" allow for additional "breathing room" to address those motions and other "sundry disputes that have arisen." Dkt. 137 at 3-4. As Newsmax's motion makes plain, the focus of the motion is on Fox's refusal to produce its carriage agreements and related correspondence, Newsmax's pending motion to compel Fox to provide them, and the detrimental impact that Fox's refusal to produce those documents has had on discovery. *Id.*

On that refusal, Fox incredibly insists that it is Newsmax's fault that Fox has not produced its own carriage agreements and associated communications in the six months since Newsmax first requested them. Opp. at 11-13. In so claiming, Fox repackages its argument that its obligation to produce documents turns on Newsmax supplementing its interrogatory answers, and because Newsmax has not done so, Newsmax is responsible for Fox's failure to produce documents in Fox's possession. *Compare id. with* Dkt. 107 at 6. That is not the law. As Newsmax previously explained in its briefing on its motion to compel, "no party can unilaterally suspend discovery," *Sokn v. Fieldcrest Cmty. Unit Sch. Dist. No. 6*, 2013 WL 7020422, at *7 (C.D. Ill. Oct. 18, 2013) (cited at Dkt. 100 at 7), and a defendant "cannot simply refuse to abide [its] discovery obligations because [it] thinks Plaintiff is shirking its own," *UPS, Inc. v. Williamson*, 2024 WL 3636283, at

[3] In its Opposition, Fox continues to litigate those three motions. *See* Opp. at 9-10 (insisting on its right to stay of discovery, criticizing the timing of Newsmax's motion for leave, and expressing confidence that Newsmax's supposedly "baseless claims" will be "dismissed"). All three motions are fully briefed, and Newsmax stands on the arguments it has already made. Newsmax will not waste the Court's time repeating those arguments here.

*2 (N.D. Ga. June 21, 2024) (cited at Dkt. 113 at 3); *see also* Dkt. 113 at 3-4 (citing *Middlebrooks v. Experian Info. Sols., Inc.*, 2020 WL 1809566, at *3 (N.D. Ga. Mar. 3, 2020) ("[N]either party is entitled to hold hostage its obligation to respond or provide discovery simply because it unilaterally perceives that the other side has not done its part."); *Askew v. Crosby*, 2015 WL 13872101, at *1 (N.D. Fla. June 24, 2015) ("[A] party may not refuse to respond or participate in discovery because another party has not yet provided a response."); *Carbiener v. Lender Processing Servs., Inc.*, 2015 WL 12835679, at *3 n.1 (M.D. Fla. Jan. 6, 2015) (collecting cases)).

Fox's attempt to cast blame on Newsmax for Fox's own discovery failures further falls short given that Fox has never offered to produce the full set of core documents that Newsmax seeks. Since February, Newsmax has sought all of Fox's carriage agreements and associated communications from January 1, 2013 to the present. Dkt. 100-3 at 11 (Request Nos. 1-2). Fox has continuously resisted producing responsive documents from before September 2021 and producing responsive documents for more than ten distributors. *See* Opp. at 11; *see also* Dkt. 107 at 3. Yet agreements and communications immediately before and after Newsmax's market entry in 2014 are relevant to whether Fox changed its carriage terms, practices, or leverage once Newsmax emerged as a right-leaning pay-TV news competitor. Dkt. 113 at 6. Moreover, Fox's arbitrary cutoff would also exclude the period when Fox's carriage agreements reflected a materially different portfolio. *Id.* at 7. And agreements and communications with a broader set of distributors would be probative to understanding Fox's leverage across the market, not merely in a subset of the market. *Id.* Thus, even if Fox had produced the documents it previously suggested willingness to produce—documents Fox has nonetheless withheld to this day—Newsmax would still have had to file a motion to compel for the broader set of documents and would still have had to move to extend the case deadlines while that motion remains pending.

Fox also erroneously describes as "inexplicable" Newsmax's decision to decline trading Fox's agreement to extending the case deadlines with Newsmax's agreement to staying discovery. As Newsmax noted in its response to Fox, Newsmax has produced its carriage agreements—a fact that Fox does not acknowledge—while Fox has failed to produce any of its own, so any stay of discovery will disproportionately benefit Fox and disadvantage Newsmax. Dkt. 145-1 at 27.[4] That is because Fox can use Newsmax's carriage agreements to develop its defenses, as Newsmax explained in its opposition to Fox's renewed motion to stay discovery. Dkt. 110 at 7. In other words, Fox already has a head start in this litigation because Newsmax acted in good faith in producing its own carriage agreements. A stay of discovery would cement that advantage.

Moreover, Court should not credit Fox's litany of supposed criticisms of "Newsmax's other conduct in this litigation." Opp. at 12; *see id.* at 12-13. It is obvious that Newsmax is not in a position to notice depositions or produce expert reports when Fox has not produced a single document in this litigation. Similarly, it is apparent that Newsmax is not in a position to identify what additional discovery it may need to seek from Fox or others when Fox has withheld the core carriage agreements. And as for the discovery hearing, Newsmax recently requested that hearing on its motion to compel not because it is required, but because the motion has been "under advisement" since May 27, 2026, Dkt. 112, and Newsmax wants to understand whether it can assist the Court in resolving the motion. Indeed, Fox's attempt to leverage Newsmax's request for a discovery hearing to show lack of diligence is particularly misplaced given Fox has told Judge Reinhart that "[n]o hearing is necessary or contemplated by the Local Rules and procedures here because both motions to compel are already briefed and submitted, and the Court has not called

[4] Newsmax also noted that Fox has already been denied a stay of discovery and that there is a presumption in this District in favor of discovery during the pendency of a motion to dismiss. Dkt. 145-1 at 27.

for a hearing," and that "any discovery hearing should await a decision by Judge Artau on the motion to stay discovery and/or motion to dismiss." Young Decl., Ex. E at 1. It is unclear how a request for a supposedly unnecessary, uncalled-for, and unwarranted hearing could show lack of diligence.

Finally, Fox erroneously argues that Newsmax has failed to justify the nine-month extension it seeks, relying again on *Martinez v. D2C*. Opp. at 13-14. In *Martinez*, the court faulted the plaintiffs for "fail[ing] to provide any information showing that they *couldn't have* procured [certain discovery] sooner, had they only sought it with sufficient diligence," as well as for failing to provide "any specific explanation of how the additional discovery they think they would receive, if given more time, would help to prove their case." 2024 WL 1254376, at *3 (emphasis in original). Here, by contrast, Newsmax explained the documents at issue; their significance to this case; the steps it has taken to attempt to procure those documents, including filing a motion to compel with this Court in May; and the impact that Fox's refusal to produce those documents has had on Newsmax's ability to pursue fact and expert discovery. Dkt. 137 at 3. Newsmax therefore has established its own diligence, Fox's recalcitrance, and the basis for extending the expert report deadline and other case deadlines by nine months. Given that good cause exists to extend the case deadlines, the Court should do so and ensure that this case can be fairly resolved on the merits rather than cut short from the outset.

## CONCLUSION

For the reasons set forth above and in Newsmax's Motion to Extend Case Deadlines, Dkt. 127, Newsmax respectfully requests that the Court extend by nine months the deadlines reflected in the Scheduling Order, Dkt. 80.

Dated: August 12, 2026

Respectfully submitted,

*/s/ Daniel E. Nordby*
Daniel E. Nordby (FBN 14588)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
Email: dnordby@shutts.com
kreardon@shutts.com

Michael J. Guzman (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
Email: mguzman@kellogghansen.com

*Counsel for Plaintiff Newsmax Broadcasting, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing to all counsel of record.

*/s/ Daniel E. Nordby*
Daniel E. Nordby (FBN 14588)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
Email: dnordby@shutts.com